THE CITY OF LAKELAND, FLORIDA AND THE SUN INDEMNITY COMPANY OF NEW YORK v. SALLIE BURTON.

2 So. (2nd) 731

Division A

Opinion Filed June 6, 1941

*Carver & Langston,* for Appellants;

*E. M. Knight,* for Appellee.

BUFORD, J.—On appeal we review order of Circuit Court affirming award in favor of appellee by the Florida Industrial Commission.

Appellee's decedent was injured by an accident which occurred on December 6, 1939, in the course of, and arose out of, his employment. Deceased was disabled by the injury and continued to suffer intense pain therefrom until he died sometime between 9:30 P. M. December 20th, and 7:00 o'clock A. M. December 21, 1939, at which time he was found dead in his bed.

The record shows that death may have been caused by the taking of an over-dose of a narcotic, the narcotic, but not the size or frequency of the dose, having been prescribed by the physician, furnished by the employer, to alleviate the pain caused by the injury.

There is no contention that deceased committed suicide.

The contention is that death was caused by the negligence of the deceased or by the negligence of the physician in connection with the over-dose of narcotic.

The record is clear that the injury caused the injured man to suffer great pain in the abdominal region and the suffering of such pain by the deceased caused the physician to prescribe, and the deceased to take, the narcotic. So, it is clear that there was direct causal connection between the injury and the death, even if death followed as the immediate result of taking the narcotic. It, therefore, follows that the taking of the narcotic was not an independent intervening cause but was the result of the original injury, and the employer and insurance carrier are liable under the Workmen's Compensation Act. See Bethlehem Shipbuilding Corp. Ltd., v. Industrial Accident

Com., 181 Cal. 500, 185 Pac. 179, 7 A. L. R. 1180 (see annotations following in 7 A. L. R.) ; annotation 39 A. L. R. 1276, *et seq.;* Superior Coal Co. v. Industrial Com., 326 Ill. 584, 158 N. E. 209, 54 A. L. R. 634, and annotations 127 A. L. R. 1110, *et seq.*

Let it be understood that the rule as above stated is one which applies to claims arising under what we know as Workmen's Compensation Statutes and not to suits for damages caused by negligence of another.

But, aside from this, we are not convinced from the record that death was not the direct result of the injury without being superinduced by the taking of the narcotic. There is ample evidence to cause reasonable men to reach the conclusion that deceased received more serious internal injuries than had been identified and that, in all probability, death was the direct result of the injuries.

The burden rests on the employer and insurance carrier to show clearly that the circuit court has arrived at an erroneous conclusion. This burden has not been discharged.

The order is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.

BROWN, C. J. (concurring).—There is no question here as to the injury having been received in the course of the employment and that it arose out of the employment. Both elements were proven. On the finding of facts made by the commission, it appears that there was a causal connection between the injury and the death of the injured man. It cannot be held that his death was caused solely by his own negligence in taking, or that of the doctor in prescribing, the narcotic.