CARROLL, CHAS., Chief Judge.
This is a certiorari to review an order of the Florida Industrial Commission in a workmen’s compensation matter.
The claimant respondent, employed by the City of Miami Beach as a policeman, *886 received an injury in 1940 which resulted in a 60% disability, and which kept him from work for seven months, after which he returned to the employ of the city. No claim was made for compensation on that injurj'’.
The claimant suffered another accidental injury while so employed by the city, on April 9, 1956, for which he claimed compensation. Prior to adjudication thereon the City of Miami Beach, as the self-insured employer of the claimant, made claim to the commission for reimbursement from the Special Disability Fund, stating: “The employer claims, and the medical reports show, that because of the preexisting condition of the employee his disability is greater than that which would have resulted from the subsequent injury alone, that is to say, from the injury of April 9, 1956.”
The April 1956 injury was found by the deputy commissioner to have “resulted in a functional disability of an additional 10-15% of the body as a whole.”
The statute relating to the Special Disability Fund provides that an employer, when called upon, as a result of a second injury following an earlier permanent impairment, to pay benefits in excess of those which would be required by the second injury, shall be reimbursed to the extent that the benefits, which the employer must pay as a result of such combined injuries, exceed that which he would be required to pay for the last injury alone. That provision is contained in Fla.Stat., F.S.A., § 440.15(5) (d) 3, reading as follows:
“Permanent disability after other permanent physical impairment. If an employee who has a total or partial loss or loss of use of one hand, one arm, one foot, one leg or one eye, or who has other permanent physical impairment incurs a subsequent disability from injury or occupational disease arising out of and in the course of his employment resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone, the employer shall in the first instance pay all benefits provided by this chapter, but such employer shall be reimbursed from the special disability fund created by this paragraph for all benefits paid in excess of those allowed for such injury or occupational disease when considered by itself and not in conjunction with the previous permanent physical impairment.”
Following the proceedings before the deputy commissioner, he made an order which, omitting his recitals and findings, was as follows:
“Wherefore, it is the order of the undersigned deputy commissioner that the employer, City of Miami Beach, do forthwith:
“(1) Pay to claimant or to the doctors or hospitals concerned, in accordance with the F. I. C. schedule of medical payments, all outstanding medical and hospital expenses, including specifically the aforesaid dental bill in the amount of $800.00.
“(2) Pay to claimant compensation for permanent total disability as and from April 9, 1956, at the statutory rate of $35.00 per week for as long as such disability continues.
“(3) Pay to Truett & Watkins, attorneys, and Levenson & Thomas, attorneys, fees in the amount of $3,500.00 as reasonable attorneys’ fees for their services rendered in behalf of the claimant in the above styled cause.
“Further It Is Ordered:
“(1) The Special Disability Fund shall reimburse the employer for all compensation and benefits which the employer has been caused to pay, or will be caused to pay, in excess of that allowable for a 15% permanent partial loss of earning capacity.”
An application for review by the full commission was filed on behalf of the Special *887 Disability Fund and the Special Disability Fund Conservation Committee, challenging the findings as to the effect of the two injuries and the finding of permanent total disability as a result of the combined injuries, and challenging the order of the deputy that the Special Disability Fund should reimburse the employer for compensation benefits in excess of those allowable for the result attributable to the April 1956 injury alone.
The employer, the City of Miami Beach, ■also sought a review of the full commission, contending that the attorneys’ fee allowed was unfounded and excessive.
The commission held that the deputy commissioner’s findings of fact were duly supported in the evidence, and the commission did not disturb the award of the attorneys’ fee, holding that the employer had failed to show the deputy commissioner abused his discretion in his award of the fee. However, the commission modified the deputy’s order respecting the amount by which the employer should be reimbursed from the Special Disability Fund, saying:
“(1) The Special Disability Fund shall reimburse the employer for all compensation benefits which the employer has been caused to pay or will be caused to pay in excess of that allowable for a 75 per cent permanent partial loss of earning capacity.”
In arriving at the conclusion that the deputy commissioner’s order should be so modified, the commission announced and proceeded on the theory that the Special Disability Fund was not intended to re'lieve an employer of liability for a first ■ disability, but “to reimburse him for the ■ difference between what he would pay for • each injury, considered separately, and what he must pay for the combined effect ■ of the two injuries.”
We are unable to agree with the • commission in that construction of the ■ statute. It seems clear that the reimburse- ; inent provided for in section 440.15(5) (d) 3 is for the amount paid in excess of that which would be paid for the second injury by itself. We cannot construe the Act, as did the commission, to provide for reimbursement of amounts paid (following a second injury) only in excess of the amount which would be paid both for the second injury and also for the earlier permanent impairment.
In addition to employing this improper measure for reimbursement from the Special Disability Fund, the commission proceeded otherwise to deprive the employer of benefits to which it was entitled from the Special Disability Fund, by holding that the employer should have and, therefore, should now compensate the employee for the 1940 injury.
The commission imposed upon the employer the obligation to pay the claimant for his 60% permanent partial disability allegedly due to the 1940 injury, because the commission found that by continuing to employ the claimant the city was barred from use of a defense of limitations, and cited the cases of Townsley v. Miami Roofing & Sheet Metal Company, Fla.1955, 79 So.2d 785, and University of Miami v. Matthews, Fla.1957, 97 So.2d 111, dealing with nonavailability of the defense of limitations in certain situations in proceedings by the employee to enforce his claim against the employer.
The city contends that whether or not a defense of limitations would be available to it is immaterial, because no claim was ever made to it for compensation under the 1940 injury, and there was no proceeding in which the city was called upon to defend itself incident to that injury. The city also contends that the matter of the 1940 claim which was never asserted against it was determined by the commission without trial and in a manner which did not accord due process of law. That contention is well founded.
Section 440.15(5) (d) 3 contains no condition or limitation with reference to a *888 previous permanent physical impairment, such as the one involved here, which would require a prior prosecution and adjudication of the claim, and its compensation, in advance of the enjoyment of the benefits of the reimbursement provision accorded under that statute.
We hold that the deputy commissioner’s ruling with reference to the reimbursement to the employer from the Special Disability Fund was correct, and that the commission was in error in ordering the modification thereof.
One of the commissioners wrote a separate opinion in which, while concurring with the commission on other points, he expressed the conclusion that “benefits” as used in the statute relating to the Special Disability Fund could include attorneys’ fees, and in which he expressed the opinion that “the cause should be remanded to the deputy commissioner for the determination of the pro rata share of the attorneys’ fee between the employer and the Special Disability Fund.” The commission now appears to share that view, as pointed out in the recent case of Shiver’s Super Store v. Florida Industrial Commission, Fla.App. 1958, 102 So.2d 831; and the parties here do not dispute the point.
On the contention respecting the deputy commissioner’s findings of fact, as they were challenged first before the commission, we conclude, as did the commission, that his findings were adequately supported in the evidence. On the city’s challenge of the reasonableness of the attorneys’ fee, we affirm the commission’s order. Although the fee appears generous, it has not been shown that the fee was excessive or that its allowance was an abuse of discretion. Because of the apparent adequacy of the fee previously allowed, no additional fees are granted on the motion made here.
Accordingly, the writ of certiorari is granted and the order of the full commission is quashed, with directions to enter an amended order not inconsistent with this opinion.
Certiorari granted.
HORTON, J., and LOPEZ, AQUILINO, Associate Judge, concur.