120 So.2d 12 (1960)
JOHNNIE'S PRODUCE COMPANY, Maryland Casualty Company, and Jimmie Kirkland, Petitioners,
v.
BENEDICT & JORDAN, Liberty Mutual Insurance Company and the Florida Industrial Commission, Respondents.
Supreme Court of Florida.
April 29, 1960.
Rodney Durrance and Calvin A. Pope of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for petitioners.
Edwin H. Underwood, Jr., Robert G. Hewitt and Wakefield & Underwood, Miami, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
ROBERTS, Justice.
The petitioners, Johnnie's Produce Co. and its carrier (the "second employer" hereafter), have brought here for review on certiorari an order of the Florida Industrial Commission reversing an award made by the Deputy Commissioner in a workmen's compensation case.
The facts are that, in November of 1956 while working for the respondent Benedict & Jordan (the "first employer"), a concrete block wall fell on claimant, as a result of which he sustained a broken right ankle and other injuries. Voluntary payments *13 of compensation for temporary total disability were made by the first employer's carrier from the date of injury until January 1958, at which time payments were discontinued on the basis of a medical report stating that claimant had reached maximum recovery. He was at this time in jail, where he had been since May 1957. In July of 1958, following his release from prison in March of 1958, claimant filed a claim against the first employer for further compensation and medical benefits. In October of 1958, prior to final hearing on such claim, claimant obtained employment with the second employer, driving a produce truck. On his second trip he jumped from the rear of the truck to the ground, as a result of which he sustained a back injury. He then filed a claim against the second employer for compensation for his back injury.
The Deputy Commissioner heard the evidence on both claims and found (1) that claimant was temporarily totally disabled from November 1956 to October 20, 1958, the date of the second accident; and (2) that claimant's back injury "was attributable in part to the first accident as being one of the causes of claimant's right foot giving away and causing him to fall to the ground and injuring his back; * * *." He ordered the first employer to pay compensation to claimant for temporary total disability for the period January 1958 to October 20, 1958, and his medical expenses during this period. He ordered the first employer and the second employer to share equally the medical benefits and the compensation due claimant for temporary total disability after October 20, 1958, and during the continuance of such disability.
On review of the award upon application therefor by the first employer, the Full Commission held that there was no competent substantial evidence to support the finding of the Deputy Commissioner that the claimant was temporarily totally disabled from January 1958 through October 20, 1958. The Commission's ruling in this respect was affirmed by this court, upon petion for certiorari filed by the claimant, in Kirkland v. Benedict & Jordan, 120 So.2d 169.
As to that portion of the Deputy Commissioner's award holding the first employer liable for one-half of the medical and compensation benefits payable to claimant for the temporary total disability resulting from the back injury sustained in the course of his employment by the second employer, the Full Commission ruled that this holding did not accord with the essential requirements of law. The reasons for the Commission's ruling in this respect are stated in its order as follows:
"It is strenuously argued by claimant and the second employer that this is a case which falls within the rule as stated by Larson in his treatise on Workmen's Compensation Law. Essentially, the rule is that when the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment unless it is the result of an independent intervening cause attributable to claimant's own negligence or misconduct. The second employer contends that this rule is applicable in the instant cause and it was not error for the Deputy to divide the liability between the first employer and second employer. However, it is our opinion that this is a case that does not fall within the purview of the rule as set forth by Larson. Assuming, arguendo, that claimant did have a weak right ankle, the cause of the second accident can, in no way, be attributed to the first accident. If a claimant, knowing of certain weaknesses, rashly undertakes activities likely to produce harmful results, the chain of causation is broken by claimant's own negligence. In our opinion, the facts in the instant cause do not call for an application of this rule and there is no basis for holding the first employer and carrier liable for claimant's subsequent disability *14 due to an entirely separate and intervening accident. For the reasons above, this cause must be remanded to the deputy Commissioner for further proceedings."
We find no error in this ruling of the Commission. The fundamental principle of tort law referred to by the Commission is applicable to a claim for workmen's compensation in a proper case. See Larson, Workmen's Compensation Law, § 13.11; cf. City of Lakeland v. Burton, 1941, 147 Fla. 412, 2 So.2d 731. It is true that, in New York, the courts allow apportionment on an arbitrarily equal basis between two carriers "when two successive incidents combine to produce the final disability", Larson, op. cit., § 95.31, citing Anderson v. Babcock & Wilcox Co., 1931, 256 N.Y. 146, 175 N.E. 654. See also Quinn v. Automatic Sprinkler Co., 1958, 50 N.J. Super. 468, 142 A.2d 655; Dunbar Fuel Co. v. Cassidy, 1957, 100 N.H. 397, 128 A.2d 904; and Marsolek v. Miller Waste Mills, 1955, 244 Minn. 55, 69 N.W.2d 617.
It is noteworthy, however, that our Legislature has specifically provided for the reimbursement of a subsequent employer where a claimant who has sustained a permanent physical impairment suffers a subsequent compensable injury. § 440.15(5) (d), Fla. Stat., F.S.A. In cases within the purview of this portion of our Act, the subsequent employer is entitled to reimbursement from the Special Disability Fund "for the amount paid in excess of that which would be paid for the second injury by itself." City of Miami Beach v. Florida Industrial Comm., Fla.App., 3rd Dist. 1958, 105 So.2d 885, 887. It has expressly provided for the proportionate liability of an employer and its carrier in occupational disease cases. §§ 440.151(1) (c) and 440.151(5), Fla. Stat., F.S.A., and in cases involving the acceleration or aggravation of a preexisting disease, § 440.02 (19), Fla. Stat., F.S.A. And it is our view that, if the "apportionment" rule followed by the courts of some jurisdictions is to be adopted in this state, it should be done by the Legislature and not by the courts or the administrative officials charged with the administration of the workmen's compensation law.
Finding no error in that portion of the order of the Full Commission here reviewed, the petition for certiorari filed by the second employer should be and it is hereby
Denied.
THOMAS, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.