ROBERTS, Justice.
This is a companion case to Johnnie’s Produce Co. v. Benedict & Jordan, 120 So. 2d 12, and involves the workman’s compensation proceeding and order of the Full Commission there reviewed. The facts and the history of the litigation are recounted therein.
The instant petition for certiorari was filed by the claimant for review of that portion of the Commission’s order reversing the Deputy Commissioner’s finding that claimant was temporarily totally disabled! from January 1958 to October 20, 1958, as; a result of an accident sustained by claimant while in the employ of the respondent Benedict & Jordan in November 1956. We agree with the Full Commission that the Deputy Commissioner’s finding of fact in this respect was not supported by competent substantial evidence.
This court has defined “temporary total disability” as the healing period or time during which the claimant is, by reason of injury, totally disabled and unable to work, and recovery is reasonably expected. See Concord Realty Corp. v. Romano, 1947, 159 Fla. 1, 30 So.2d 495, 496. The uncontra-dicted medical testimony was that claimant had reached his maximum improvement from the injuries sustained in his first employment in November 1956 — a broken ankle- and other injuries — prior to October 20, 1958, the date of his second industrial accident. The medical testimony as to the residual permanent disability to plaintiff’s foot and ankle varied from 5 percent to 15 percent of functional disability. The Commission also found, and we agree, that “there is nothing in the record to indicate that claimant could not have worked; as a matter of fact, at the time of the second injury, claimant was working.”
Accordingly, we agree with the respondent that the Full Commission “was eminently correct in remanding this case to its Deputy for the determination of the date of the claimant’s maximum medical improvement and the extent of his residual disability from the injuries suffered in his first accident.”
The claimant’s petition for certiorari is, therefore, denied.
; THOMAS, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.