O’CONNELL, Justice.
In April, 1962, while employed by respondent Miami Shipbuilding Corporation, petitioner suffered compensable injuries. For these injuries, by compensation order dated March 29, 1963, claimant was awarded compensation for 30% permanent partial disability of the body. Petitioner secured employment with the respondent Village of El Portal, suffering a compensable accident on September 1, 1964. The Village furnished medical benefits and paid temporary total compensation until November 9, 1964, and then voluntarily commenced payment of compensation for permanent partial disability of 10% of the body.
The petitioner returned to work with the Village on November 9, 1964 and continued working, performing the same duties as prior to the 1964 accident, until March 24, 1965 when he was discharged. The deputy found that the petitioner was “fired” by the Village in order to avoid cancellation of its policy of workmen’s compensation insurance.
In November 1964, following his return to work for the Village, petitioner filed a claim for additional benefits for the 1964 accident and also a petition for modification of the 1963 order contending alternatively mistake of fact or change of condition. F.S. Sec. 440.28, F.S.A.
The deputy found that the petitioner had suffered a change of condition after entry of the 1963 order, the change being a worsening of a chest condition (pleurisy, bronchitis and emphysema) which had been caused by injuries sustained in the 1962 accident. The deputy held that this change in condition was due in part to lack of proper care and treatment and in part to aggravation by the 1964 accident. However, the deputy determined that petitioner was still suffering only a 30% loss of wage earning capacity as a result of injuries suffered in the 1962 accident and therefore claimant had lost no wage earning capacity as a result of the change in condition. The petition for modification was denied.
As to the claim for injuries received in the 1964 accident the deputy found that at the time of the hearing petitioner had a 35% permanent physical impairment of the body as a whole of which 10% was due to injuries to the back and shoulder sustained in the 1964 accident and 25% was due to the pre-existing chest condition as aggravated by the 1964 accident.
After summarizing the factors bearing on the petitioner’s ability to earn wages, the deputy stated that the employer-carrier had not shown that petitioner could obtain any other light jobs which he could perform and then said, “However, I imagine that there is some light work available to the claimant and therefore I find that he has no more than a 75% permanent partial disability of the body as a whole.” He ordered the Village to pay the petitioner compensation on that basis.
The deputy found that claimant-petitioner was in need of further medical treatment for his chest condition and ordered it be furnished by the two respondents, Miami Shipbuilding to pay 60%, and the Village of El Portal to pay 40% of the cost thereof. The deputy explained this division on the reasoning that of the 25% functional disability due to the chest condition 15% was attributable to the 1962 accident and 1Q% to that one which occurred in 1964.
In his order the deputy specifically found that petitioner’s pre-existing physical impairment was a handicap and hindrance to *467 employment, that the employer, Village of El Portal, had knowledge thereof, and the Village would be entitled to seek reimbursement from the Special Disability Fund.
On review the Full Commission reversed the deputy on two grounds. It held that the finding of 75% permanent partial disability was not supported by competent substantial evidence and that the deputy’s statement “I imagine there is some light work available to the claimant etc.” was speculative and conjectural. Second, it held that the deputy erred in considering the merger of claimant’s pre-existing physical impairment with the effects of the 1964 accident so as to arrive at a finding of disability greater than would have resulted from the 1964 injury alone. The commission stated that F. S. Section 440.15(5) (c), F.S.A., does not authorize such a merger to allow carriers to seek reimbursement from the Special Disability Fund. The commission stated that if the deputy finds that the second accident aggravated the old injury “then, in accordance with the workmen’s compensation law, he may apportion payment of compensation benefits between the carriers.”
In this court the claimant argues that the commission ruled incorrectly on both grounds given for reversing the deputy. He also contends that the commission’s statement regarding apportionment of compensation between carriers is not in accord with the workmen’s compensation law.
Miami Shipbuilding Corporation by way of a cross-petition for certiorari agrees with claimant by contending also that the commission erred in stating that compensation benefits may be apportioned between carriers “if the deputy * * * finds the second accident aggravated the old injury.” Cross-petitioner also contends that the deputy erred in ordering it to pay part of the cost of medical treatment to claimant for his chest condition, and also argues that it was inconsistent for the deputy to deny claimant’s petition for modification because of alleged mistake of fact or change in condition then also hold that he had suffered a change of condition causally related to the 1962 injury.
We agree with the petitioner and cross-petitioner that the workmen’s compensation act does not authorize apportionment of compensation benefits between successive employers and carriers where an injury by accident in the employ of a later employer aggravates a condition remaining from an earlier compensable injury. Once the responsibility of the first employer and carrier to pay compensation for the earlier injury has been fixed and become final by order, or otherwise, as in this case they cannot be required to pay more compensation for permanent disability except through modification proceedings under F.S. Sec. 440.28, F.S.A. See Johnnie’s Produce Company v. Benedict & Jordan, Fla.1960, 120 So.2d 12.
We agree with the commission that the finding of the deputy, above quoted, relating to the 75,% permanent partial disability is not legally sufficient and further agree that the record does not support an award of that percentage of disability.
The record reflects that the cross-petitioner, Miami Shipbuilding, presented to the commission the correctness of that part of the deputy’s order ordering it to share the cost of claimant’s future medical treatment. The commission’s order did not disturb this part of the order so on remand the deputy would no doubt consider that it had been affirmed. We will therefore consider the issue.
There may be factual circumstances in which it would be equitable and proper under F.S. Sec. 440.13, F.S.A. to require two employers to share the cost of medical benefits. We are not required to answer that question here for the facts of this case simply do not support imposing on Miami Shipbuilding any responsibility for claimant’s future medical treatment. Here we should say that we interpret the deputy’s order to require Miami Shipbuilding to *468 share the cost only of future treatment of the chest condition.
The deputy based his formula for division of this treatment on the testimony of Dr. Jack Reiss. This doctor examined claimant twice preparatory to testifying at hearings on claims on the two accidents here involved. He testified that when he examined claimant in January 1963 his chest ailments were 15% disabling and that this disability had increased to 20-25% at the time of the second examination in January 1965. He stated that the 1964 accident and the immobility involved in treatment of the shoulder injuries in the later accident did aggravate and contribute to the “worsening” of the chest condition. He stated that it was impossible to fix or divide the increase in disability between the two accidents. No evidence was offered to show the extent of disability, if any, as a result of the chest condition which existed immediately prior to the 1964 accident. However, it is significant that claimant never requested Miami Shipbuilding to furnish treatment for the chest condition prior to the second accident and that he made no complaints for this condition in the treatment afforded following the second accident.
Assuming that apportionment of medical expenses is permissible, under the facts of this case there is no way to apportion the responsibility for future medical benefits without resorting to conjecture and speculation. An order based on such cannot be sustained. G & L Motor Corporation v. James Taylor, Fla. 1966, 182 So.2d 609.
The last question necessary to be decided concerns the propriety of the deputy’s having considered the merger of claimant’s pre-existing impairment in conjunction with the later injury in determining the claimant’s disability. For the reasons expressed in Stephens v. Winn Dixie Stores, Inc., opinion filed January 25, 1967, that part of the commission’s order relating to this question must be quashed.
For the reasons above expressed the order of the commission is quashed in part and affirmed in part, with directions to remand the cause to the deputy for further proceedings consistent herewith.
It is further ordered that the petitioner’s petition for attorneys’ fees be and the same is hereby denied.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.