393 So.2d 1066 (1980)
D'ANGELO PLASTERING COMPANY and United States Fidelity and Guaranty Company, Petitioners,
v.
Richard ISAAC and the Florida Industrial Relations Commission, Respondents.
No. 57641.
Supreme Court of Florida.
December 4, 1980.
Rehearing Denied March 3, 1981.
*1067 Summers A. Warden, Miami, for petitioners.
Joseph J. Finkelstein of Pelzner, Schwedock & Finkelstein, Miami, for respondents.
OVERTON, Justice.
Respondent Richard Isaac suffered two separate injuries, both of which were found compensable under Florida's workmen's compensation law by the judge of industrial claims and the Industrial Relations Commission. There is no dispute concerning the first injury, but the employer and carrier argue that Isaac's being struck over three months later by a car while he was attempting to cross a street was not a natural consequence of the first injury. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972), and we find that the second injury is not compensable under the workmen's compensation law.
The facts are basically not in dispute. Isaac, while employed by D'Angelo Plastering Co., sustained injuries to his left heel bone and back following a fall from a scaffold on September 27, 1977. Clearly this accident arose out of and in the course of his employment. On January 13, 1978, Isaac was still wearing a back brace and, according to his testimony, using crutches. He attempted to cross at the intersection of two streets and in doing so was struck by a car driven by one G. Williams. There is no dispute between the parties here that Williams, and not Isaac, was negligent. Isaac testified that while crossing the street he felt a sudden pain in his back and that, had it not been for this pain, he would have been able to avoid the onrushing car. The judge concluded:
These facts lead me to find that Mr. Isaac's actions did not contribute to the accident so as to break the chain of causation in that he attempted a normal crossing, and, but for the sharp pain which he developed during his attempted crossing and his awkwardness or inability to react and/or move normally due to his injuries and use of crutches, the subsequent accident could have been avoided.
This is an unusual type of case. It is not a case in which the compensable injury allegedly was the medical cause for the claimant to fall, collapse, deteriorate, or otherwise suffer complications. It deals, instead, with a "miscellaneous consequence" having some causal connection with the compensable injury, an area of compensation law where, as one commentator puts it, "the difficulty of expressing a body of coherent principles is at the maximum."[1]
We have had occasion to judge the consequences of a claimant by his own negligence breaking the chain of causation from the compensable injury. In Johnnie's Produce Co. v. Benedict & Jordan, 120 So.2d 12 (Fla. 1960), the employee suffered a compensable ankle injury while working for one employer. While working for a second employer, he jumped off a truck and, due at least in part to the weak ankle, fell and injured his back. We cited with approval the following language of the Florida Industrial Commission:
It is strenuously argued by claimant and the second employer that this is a case which falls within the rule as stated *1068 by Larson in his treatise on Workmen's Compensation Law. Essentially, the rule is that when the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment unless it is the result of an independent intervening cause attributable to claimant's own negligence or misconduct... . Assuming, arguendo, that claimant did have a weak right ankle, the cause of the second accident can, in no way, be attributed to the first accident. If a claimant, knowing of certain weaknesses, rashly undertakes activities likely to produce harmful results, the chain of causation is broken by claimant's own negligence.
Id. at 13.
We specifically adopted Larson's "direct and natural result" test for subsequent injury or aggravation related in some way to the primary injury in Sosenko v. American Airmotive Corp., 156 So.2d 489 (Fla. 1963).
In the instant case, the respondent was in the position of any other pedestrian on crutches or otherwise limited in his movements. The respondent is not alleged to have been negligent, although we note that the judge did not specifically find that the claimant was exercising reasonable care in attempting to cross the street on crutches. In fact, the judge noted from the police report that the "negligence was on the part of the vehicle." It is clear the judge accepted and relied upon this uncontroverted assertion of negligence on the driver's part. The judge's finding of negligence by the driver establishes that negligence was the primary cause of Isaac's being struck on January 13, 1978, notwithstanding Isaac's belief that he could have avoided the car had he not been suffering from the effects of the September 27, 1977, injury. A driver of a motor vehicle has no defense because the pedestrian is on crutches, must be assisted by a cane, or is old and feeble; Isaac's position was no different than that of any other pedestrian on crutches. The asserted negligence of the driver of the automobile was an independent, intervening cause. We reject the respondent's argument that a negligently driven automobile striking him more than three months after work-related compensable injuries to heel and back is the direct and natural result of the compensable primary injuries.
This decision is not intended to establish a broad rule regarding subsequent injuries having some causal connection with an earlier compensable injury. Each case must necessarily be judged on its own facts, and the difference between compensability and lack thereof is often a question of degree and not substance. Our holding today should not control future cases in which the results of the original injury play a larger role, and intervening acts play a lesser role, in determining the legal cause of a subsequent injury. We also distinguish those cases involving injuries suffered as a result of negligent medical treatment, or transportation to such treatment, despondency, or other mishaps more directly related to the compensable injury. Cf. City of Lakeland v. Burton, 147 Fla. 412, 2 So.2d 731 (1941) (taking prescribed narcotic held not independent intervening cause).
For the reasons expressed, we find the injuries suffered as a result of this auto-pedestrian accident are not a direct and natural result of the work-related compensable injury, and the claimant must seek his damages from the negligent driver of the automobile. The petition for certiorari is granted, and the opinion of the Industrial Relations Commission is quashed. We remand this cause to the deputy commissioner for further proceedings in accordance with our holding.
Respondent's motion for attorney's fees is denied.
It is so ordered.
SUNDBERG, C.J., and ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] 1 Larson, The Law of Workmen's Compensation § 13.11 at 3-361 (1978).