475 So.2d 1300 (1985)
CENTRAL CONCRETE CO., INC. and Risk Management Services, Inc., Appellant,
v.
Rufus HARRIS, Appellee.
No. BD-425.
District Court of Appeal of Florida, First District.
September 18, 1985.
Rehearing Denied October 18, 1985.
*1301 Jere N. Chait of Miller, Hodges & Kagan, Miami, for appellant.
Howard L. Silverstein, Miami, for appellee.
SHIVERS, Judge.
Employer/Carrier, Central Concrete Co., Inc./Risk Management Services, Inc., appeal the deputy commissioner's order that claimant's automobile accident occurring subsequent to his industrial accident is compensable. They also appeal certain wage-loss benefits awarded. We affirm in part, reverse in part, and remand.
Claimant initially injured his back in a compensable accident on January 10, 1980. He received various benefits to which he was entitled as an injured employee, including rehabilitation services pursuant to section 440.49(1)(a), Florida Statutes. With the help of Barry Green Rehabilitation Services, Inc., claimant engaged in an extensive work search.
On July 14, 1983, claimant was offered a job as a security guard at Globe Security. He was instructed by Barry Green Rehabilitation Services that if he needed anything, he was to contact them for further assistance. When he appeared for work on July 15 at Globe Security, the claimant, due to unrelated foot problems, was shod in sandals, which were deemed inappropriate by the new employer.
Thereupon, the claimant contacted Barry Green Rehabilitation Services, and an employee of Barry Green agreed to take the claimant to obtain suitable work shoes on July 16, a Saturday. While on the way that day to purchase the shoes, the car in which the claimant was riding was struck from the rear, injuring claimant's low back. The employee of Barry Green Rehabilitation Services was driving his personal vehicle at the time and received $80 per week in expense money for its use. Records of Barry Green Rehabilitation Services contain the notation that "we make the determination to purchase shoes for him, and then take him to work to insure that he will not lose his position."
The deputy commissioner found that the claimant conducted a good faith job search between May 1, 1983 and July 15, 1983, prior to the second accident. He further found that the July 16, 1983 accident was an exacerbation and setback "causally related to his accident of January 10, 1980 and [is] compensable under that accident. Further, that the second accident arose out of and in the course of Claimant's employment and was not an independent intervening cause, and the Claimant is entitled to compensation for total disability from July 16, 1983 through October 31, 1983." The deputy commissioner awarded wage-loss benefits from May 1, 1983 through July 15, 1983, and from November 1, 1983 through May 31, 1984, based upon an adequate job search.
The Employer/Carrier (E/C) question the compensability of the accident occurring on July 16, 1983 as well as the adequacy of the job search.
We find and hold that the July 16, 1983 accident suffered by the claimant is not compensable. When a primary injury is shown to have arisen out of and in the course of employment, every natural consequence of that injury likewise arises out of the employment unless it is the result of an independent intervening cause which breaks the chain of causation. D'Angelo Plastering Co. v. Isaac, 393 So.2d 1066 (Fla. 1980); Sosenko v. American Airmotive Corp., 156 So.2d 489 (Fla. 1963). In D'Angelo, supra, the claimant, who was on crutches due to a compensable injury, was struck by a vehicle and injured further while attempting to cross a street. The claimant asserted that he would have been able to avoid the vehicle had he not felt a sudden pain in his back and, thus, that the second injury was a direct and natural cause of the first injury. The supreme court rejected that argument and held that the negligence of the driver was an independent, intervening cause not the result of the primary injury. In the case sub judice, the primary injury played no role whatsoever in the causation of the subsequent injury. The fact that the claimant was using the rehabilitative services provided *1302 by the E/C in no way obviates the lack of causal relationship between the primary injury and the second injury. Some injuries occurring while in rehabilitation, however, would be compensable. See Wood v. State Accident Insurance Fund, 30 Or. App. 1103, 569 P.2d 648 (1977), rev. den., 282 Or. 189 (1978), and Abbenante v. United Parcel Service, Inc., 241 So.2d 1 (Fla. 1970).
As to the issue of wage-loss benefits awarded prior to the accident, we find competent substantial evidence to support that award. As to the temporary total disability benefits and wage-loss benefits after July 15, 1983, the case is remanded to the deputy commissioner to determine whether or not there is a causal relationship between the primary injury and the lost wage as claimed by the appellant, in light of the non-compensability of the second injury. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), pet. for rev. den., 431 So.2d 989 (Fla. 1983).
AFFIRMED in part, REVERSED in part, and REMANDED.
SMITH and BARFIELD, JJ., concur.