ERVIN, Judge.
The appellant/claimant in this workers’ compensation case appeals that portion of an order by the deputy commissioner (dc), reducing the amount of wage-loss benefits that claimant is entitled to receive by application of the “deemed earnings” provision, Section 440.15(3)(b)2, Florida Statutes. We find no basis for reducing claimant’s wage-loss benefits by the use of such rationale and reverse.
Claimant, while employed as a tractor/trailer driver, was injured on December 6, 1982. Dr. Rosabal, the treating orthopedic surgeon, diagnosed claimant as having an inoperable disk problem which limits bending, stooping, and lifting of weights of more than twenty to thirty pounds. Claimant reached maximum medical improvement (MMI) on August 30, 1983, and was left with a five percent permanent impairment of the body as a whole.
Claimant conducted a work search and was assisted by a rehabilitation provider furnished by the e/c in locating a job at an on-the-job training program with Miami Computer and Electronics, Inc. (MCE), dur *196 ing the late summer of 1985. Claimant’s new job required him to disassemble, repair and maintain desk and line printers. The job required lifting printers weighing approximately 20-30 pounds, an average of five to six times a day. Claimant, while working at this job for several weeks, suffered pain in his back the entire time. Claimant re-injured his back on two occasions while working for MCE: once, while lifting a heavy piece of machinery, and once, while standing up, he bumped his head on a low ceiling and fell back into a chair. The day after the second injury, claimant returned to Dr. Rosabal, for further treatment.
Dr. Rosabal testified that claimant was unable to work between September 19, 1985 and October 15, 1985, but was able to return to light duty employment as of October 16, 1985. Dr. Rosabal described claimant’s condition as a flare-up of a preexisting condition. The doctor described claimant’s overall condition as unchanged from the 1982 injury, with a five percent permanent impairment, subject to intermittent exacerbations.
The deputy’s order concluded that while claimant had sustained an injury arising out of the course of employment on December 6, 1982, he had also sustained two new injuries which were superimposed upon his preexisting back condition, causing additional pain, discomfort and inability to work. The deputy ruled that because claimant was employed at the time of these new accidents, and was paid at the rate of $6.50 per hour, he was entitled to an average weekly wage of $260 per week, which the deputy treated as deemed earnings. The dc found claimant temporarily totally disabled (TTD) from August 2, 1985 through October 15, 1985, and concluded that because the TTD was attributable to two new accidents that were not the result of the earlier injury, the e/c was not responsible for TTD benefits. He therefore ordered the e/c to pay wage-loss benefits following the date of MMI, August 30, 1983, through February 15, 1986, less the weeks of August 2, 1985 through October 15, 1985, or during the time claimant was determined to be TTD, but allowed the e/c to take credit for deemed earnings of $260 per week subsequent to the date of MMI. Claimant filed a motion to vacate the order and for reconsideration, and in an order dated September 10, 1986, the dc entered an order reaffirming the earlier order.
The dc erred as a matter of law in applying the deemed earnings provision. Section 440.15(3)(b)2 states:
In the event the employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the salary, wages and other remuneration that the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his income or accepted appropriate employment.
The exacerbation of claimant’s preexisting back problem at the new job was neither a voluntary limitation of employment, nor a failure to accept employment commensurate with claimant’s abilities. The e/c did not prove that the claimant had an earning capacity of $260 per week during the several weeks he was employed at the later job, or that he was physically capable of performing this new job. In fact, claimant proved the opposite. Absent evidence of a voluntary limitation of income or failure to accept employment commensurate with his abilities, the use of the deemed earnings provision in the instant case must be reversed. See Brookings v. Hunzinger Construction, 512 So.2d 952 (Fla. 1st DCA 1987).
In his order denying the motion to vacate, the deputy cited Sosenko vs. American Airmotive Corp., 156 So.2d 489 (Fla.1963), and concluded that claimant suffered two independent accidents while employed by MCE causing “subsequent injuries [which] were not the direct and natural result of the compensable primary injury and [were] partly attributable to claimant’s own negligence.” Sosenko cuts off liability of an employer for a subsequent injury if the injury was the result of an independent, intervening cause attributable to the claimant’s own negligence or fault. Since *197 there was no increase in claimant’s permanent impairment resulting from the injuries that occurred while claimant was employed by MCE, the consequential-injury rule stated in Sosenko cannot justify the application of the deemed earnings rule in the instant case.
Although Florida has adopted Larson’s “direct and natural” test for subsequent injury or aggravation related in some way to the primary injury, the test is subject to the exception that a claimant’s intervening negligent act may be held to break the chain of causation, see D’Angelo Plastering Co. v. Isaac, 393 So.2d 1066 (Fla.1980); Sosenko v. American Airmotive Corporation; Johnnie’s Produce Co. v. Benedict & Jordan, 120 So.2d 12 (Fla.1960); 1 A. Larson, The Law of Workmen’s Compensation, §§ 13.11, 13.12 (1984). Professor Larson states that one who merely attempts to carry on his employment duties while in a weakened condition is not guilty of negligence. Id., § 13.12 at 3-394-96. See Singletary v. Mangham Construction Co., 418 So.2d 1138 (Fla. 1st DCA 1982). (Claimant suffered a recurrence of a prior back condition while stepping out of a van to the ground, a distance of 16 to 18 inches. As this was not a negligent act, there was no intervening cause breaking the causal chain between the primary and subsequent injuries.)
In the case at bar, there was no evidence to support a finding that claimant’s later injuries were the result of his “rashly un-dertakpng] activities likely to produce harmful results,....” Johnnie’s Produce v. Benedict & Jordan, 120 So.2d at 13.
Therefore, since the medical testimony reveals that the subsequent injuries were recurrences of the prior injury, the later injuries must be considered the direct and natural consequences that resulted from the primary injury.
Claimant seeks an award of wage-loss benefits without the use of deemed earnings only after September 19, 1985, and continuing.[1] The dc’s order found that claimant was TTD during a portion of the above time, or from August 2, 1985 through October 15, 1985. While this finding is inconsistent with the record in the case, in that claimant continued in employment with MCE through part of the month of September, the claimant has not argued the denial of TTD benefits during that period that claimant was determined to be TTD, and we therefore do not address the apparent error. We therefore reverse that portion of the order that was appealed: the application of deemed earnings to wage-loss benefits due claimant subsequent to September 19, 1985, less that time during the above period that claimant was determined to be TTD, or concluding October 15, 1985.
REVERSED and REMANDED for proceedings consistent with this opinion.
SMITH, C.J., and MILLS, J., concur.

. Appellant’s conclusion to his brief states: "The order appealed from should be reversed and the cause remanded for an award of wage loss benefits after September 19, 1985 without the use of the ‘deemed earnings’ of $260 per week used by the Deputy Commissioner.”