WENTWORTH, Judge,
concurring specially.
I agree with affirmance of the September 1989 order in this case insofar as it allocates to Aetna (carrier # 2) 75% of the PTD award (or, more accurately, all of the award less 25% of such an award based on Wausau’s rate). I agree also with remand for explicit fee allocation. However, because Wausau (carrier # 1) did not appeal this order or the prior order awarding PTD benefits against both carriers, our affirmance in this case requires only a determination that the evidence supports at least the designated share for Aetna, without regard to the propriety of the award against Wausau which is not here in controversy. It is impossible, and fortunately unnecessary, to fully explain all the reasons for a narrow limitation of the point decided by this appeal. Some of those concerns are apparent from the face of the diligently reasoned orders entered by the Judge of Compensation Claims in this case. Despite the care with which the issues were addressed in those orders, I would note some apparent contradiction or ambiguity in awarding benefits directly against the first carrier accompanied by an express dictum that “the Special Disability Trust Fund ... should be Aetna’s real remedy in this case.” In devising the allocation of PTD the order also relies on Atkins Construction Co. v. Wilson, 509 So.2d 1185 (Fla. 1st DCA 1987), which relates only to etiological allocation of temporary benefits where some degree of temporary partial disability apparently remained from the first compen-sable injury at the time of a second aggravating compensable injury. Only by such *418 careful distinctions can many recent decisions be reconciled with the historical context of Florida compensation law. See Larson's Workmen's Compensation Law, section 95.31, at 17-223, collecting recent decisions on this point but recognizing continuing vitality in such landmark cases as Johnnie’s Produce Co. v. Benedict & Jordan, 120 So.2d 12 (Fla.1960). There the court treated successive compensable accidents and upheld a reversal of a 50% TTD award against the first carrier because it found that MMI from the first accident and consequent restoration of earning capacity occurred before the second aggravating accident. After holding that the second accident was not the natural result of the prior compensable condition, the opinion rejected the rule on carrier “apportionment” in other states cited by Larson, confined the first carrier’s liability to permanent benefits, if any, due for that accident independent of the aggravation, and limited the second carrier’s remedy to that provided in the Fund provisions:
It is true that, in New York, the courts allow apportionment ... between two carriers ‘when two successive incidents combine to produce the final disability’, Larson, op. cit., sec. 95.31,_
It is noteworthy, however, that our Legislature has specifically provided for the reimbursement of a subsequent employer where a claimant who has sustained a permanent physical impairment suffers a subsequent compensable injury. See. 440.15(5)(d), Fla.Stat., F.S.A. In cases within the purview of this portion of our Act, the subsequent employer is entitled to reimbursement from the Special Disability Fund ‘for the amount paid in excess of that which would be paid for the second injury by itself.’ ... 120 So.2d at p. 14.
Cf., Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla.1967), for definition of “by itself,” and see Lindsay v. Miami Shipbuilding Corp., 199 So.2d 465 (Fla.1967).