SHIVERS, Judge.
The employer appeals the Order of the Judge of Industrial Claims awarding claimant permanent total disability benefits together with attorney’s fees and costs. We agree with the employer that there is no competent substantial evidence to support the award and, therefore, reverse.
There is no dispute that claimant suffered a compensable low-back injury on July 30, 1974. Two laminectomies were performed, one in late August 1974 and the other in November 1975. Dr. Hoff, the neurosurgeon who performed the laminec-tomies, testified claimant had reached maximum medical improvement (MMI) by December 1,1977, and that he sustained a 50% permanent partial anatomical impairment of the body as a whole. Dr. Matthews, an orthopedist who assisted Dr. Hoff in treating claimant, agreed with Dr. Hoff’s 50% rating but assigned December 15, 1977, as the date of MMI. Dr. Uricchio, an orthopedic surgeon, saw claimant in March, April, May, and July of 1978. Dr. Uricchio testified that claimant reached MMI prior to March 1978 and that claimant had a 25% permanent partial anatomical impairment of the body as a whole. The employer voluntarily paid temporary total benefits until December 15, 1977, 50% permanent partial benefits thereafter, plus medical benefits.
Claimant, aged 44, is a white male with a fifth grade education who has worked primarily as a farm hand, a mechanic, and a truck driver. He has also received training in air conditioning and heating repair. Claimant testified that his reading and writing abilities are limited. He experiences pain in his back and both legs and numbness in his left leg. He can walk for fifteen minutes, sit up to thirty minutes, and can drive for about ten minutes without stopping. Dr. Hoff, Dr. Matthews and Dr. Uricchio agreed that claimant could perform light, sedentary work. They recommended that claimant avoid work that involves heavy lifting, excessive jolting, excessive twisting, prolonged sitting and prolonged standing.
There were two hearings before the Judge of Industrial Claims, one on December 1, 1978, and the other on January 18, 1979. In addition to the medical testimony (in the form of depositions) the claimant testified, an employment expert for claimant (Mr. Deutsch) testified, and an employment expert for employer (Mr. Reiser) testified. Additionally, the deposition of a second employment expert for employer (Mr. Pryor) was admitted into evidence.
Claimant testified he had made no job search. Mr. Deutsch testified that claimant is unemployable based on his testing of claimant, his review of claimant’s medical history, and his familiarity with the job market in Lake County. Mr. Deutsch had not performed a job canvass. Mr. Pryor testified by deposition that he started working with claimant in March 1978 and that claimant was hostile and uncooperative. Mr. Reiser testified that he performed a job canvass and found ten prospective employers for claimant. When Mr. Reiser attempted to tell claimant about these possible jobs, claimant refused to talk to him on advice of counsel. At.the second and final hearing held January 18, 1979, the Judge of Industrial Claims gave employer sixty days within which to find claimant a job. Claimant agreed to cooperate in the job search.
By letter dated January 26, 1979, Mr. Reiser reported that claimant had accompanied him on five job interviews. None of *1290 these interviews resulted in claimant landing a job. Four of the places interviewed did not have a job presently available. Two of these locations agreed to keep claimant’s application for future reference. The fifth place interviewed was a welding shop. The owner of the welding shop described a light duty job and expressed an interest in hiring claimant. The proposed job was contingent upon the welding shop receiving certain contracts that had not materialized. Mr. Reiser reported that Mr. Morgan argued he could do nothing of any economic benefit for himself or his family. Mr. Reiser described claimant as “a deeply embittered and hostile gentleman.”
There is no competent substantial evidence to support the finding of permanent total disability based on loss of wage-earning capacity. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975). The Judge of Industrial Claims did not find that claimant’s injuries excused claimant’s failure to make an independent job search. Mr. Deutsch’s testimony is not competent, substantial evidence of claimant’s unemployability. Cook v. Hamilton County Board of County Commissioners, IRC Order 2-2984 (June 16, 1976).
It is true that claimant, after the second hearing, accompanied Mr. Reiser on all the job interviews Mr. Reiser had set up. It is also true that none of the places interviewed had a job available. We construe this insufficient proof of claimant’s loss of wage-earning capacity. It must be remembered that the burden was on claimant to prove his inability to find employment. The burden, was not on the employer to prove claimant’s employability.
Because the award of permanent total benefits is reversed, the award of attorney’s fees and costs is also reversed.
The order appealed is reversed and remanded for proceedings consistent herewith.
MILLS, C. J., concurs.
ERVIN, J., dissents with opinion.