395 So.2d 260 (1981)
BORDO CITRUS PRODUCTS and American States Insurance Company, Appellants,
v.
Elvira VARNADORE, Appellee.
No. VV-286.
District Court of Appeal of Florida, First District.
March 13, 1981.
Bernard J. Zimmerman and Robert C. Barrett of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Michael B. Murphy of Stanley, Wines & Smith, Auburndale, for appellee.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, contending in part that the Deputy Commissioner ("the Deputy") erred in finding that the claimant's pre-existing physical impairment merged with the effects of her work-related accident. We agree and reverse.
The claimant suffered a compensable injury in January 1977, when she fell onto a floor and hurt her hip, back, shoulder, neck and head. However, she has experienced back pain since 1956, and by 1976, doctors had diagnosed degenerative arthritis of the claimant's hip and lumbosacral spine.
By August 1977, Dr. McCollough, an orthopedic surgeon, had diagnosed degenerative arthritis of the claimant's neck and shoulder. However, he testified that the claimant's accident did not cause this degenerative arthritis, and he did not know whether her accident aggravated the arthritic joints that existed throughout the claimant's body.
In August 1979, Dr. McCollough issued a final report, finding that the claimant suffered an overall 32% permanent partial disability ("PPD"), with one-half of this disability existing prior to 1977. This report and the ratings contained therein were made "without consideration of relationship to industrial injury."
In 1980, the Deputy entered his Order, finding in part that a condition of merger existed, based on Dr. McCollough's 1979 report. The Deputy also found that the claimant experienced a 32% anatomical PPD, and he determined that due to her loss of wage-earning capacity, she was permanently totally disabled.
In order for merger to occur, there must be a prior permanent impairment that interacts with the effects of a *261 later compensable injury in such a manner as to enhance the residual disability that would normally result from the later compensable injury. See Frank Bitz, Inc. v. Coley, IRC Order 2-3656 (Jan. 15, 1979). In this case, Dr. McCollough's report does not provide an adequate basis for a finding of merger because that report does not indicate that the elements of merger exist herein. In fact, the report expressly states that the 32% PPD rating "is made without consideration of relationship to industrial injury." Thus, it is clear that Dr. McCollough did not consider the effect of the claimant's injury on her physical condition when he assigned a PPD rating. It is equally clear that his assignment of a 16% PPD rating since 1977 does not have any correlation to the claimant's 1977 industrial injury. Moreover, even if there was such a correlation, a finding of merger would still be invalid.
The doctor found a 16% PPD prior to 1977, and an additional 16% PPD since 1977, for a total of a 32% PPD. This figure was used by the Deputy as representing PPD due to merger. However, even if the 16% PPD since 1977 was related to the claimant's industrial injury, a finding of merger would still be invalid because merger does not exist if a doctor provides a PPD rating simply by adding the disability rating for a pre-existing condition to the disability rating for an industrial injury. Instead, there should be evidence demonstrating that the claimant suffered an overall PPD rating (as a result of two conditions merging) which is greater than the sum or combination of the PPD ratings for both conditions. See Coley; see also Castro Farms v. Berry, 8 FCR 179 (1974), cert. discharged 313 So.2d 758 (Fla. 1975). Such evidence is lacking herein.
There is no competent substantial evidence to support a finding of merger in this case. Moreover, there is no evidence to support a finding of any PPD resulting from the claimant's injury. Dr. McCollough's report was the only evidence regarding the claimant's PPD. However, the PPD rating contained therein was "made without consideration of relationship to industrial injury." Thus, the claimant has completely failed to establish that she has incurred any PPD attributable to her injury.[*] Accordingly, we reverse the Deputy's Order.
SHIVERS and SHAW, JJ., concur.
NOTES
[*] Even if there was evidence of PPD attributable to the claimant's injury, our previous reversal on the issue of merger would result in a reversal of the Deputy's finding that the claimant is entitled to permanent total disability ("PTD") benefits, based on loss of wage-earning capacity. See Coley (where the Deputy found a 35% anatomical PPD based on merger, and then found PTD, obviously due to lose of wage-earning capacity. The IRC reversed the finding of merger and noted that "it is necessary to reverse the reward of [PTD benefits] arrived at by improperly applying merger principles." Here, the Deputy found that because of a 32% anatomical PPD (based on merger), "the claimant is unable to stand, [etc.]" Thus, he improperly applied merger principles to arrive at a determination of PTD.)