McCORD, Judge.
Appellant, employer/carrier, appeals from the deputy commissioner’s award to appellee of temporary total disability benefits from August 1978 to February 1979 and 25% permanent partial disability benefits thereafter, based on loss of wage-earning capacity. Competent substantial evidence does not support the deputy commissioner’s award. We reverse.
In January 1977, appellee injured his right foot, right shoulder and back in a work-related accident while employed by appellant as a fruit picker. According to the record, except for a two-week period in May 1978, appellee did not work again until February 1979. However, no evidence in the record indicates that he was temporarily totally disabled during the period from August 1978 to February 1979. We, therefore, reverse the deputy commissioner’s award of temporary total disability benefits for that period.
The record shows that appellee did conduct an extensive job search, visiting at least 27 potential employers in an effort to obtain work. His own testimony revealed, however, that most of those potential employers had no job openings. Appellee also testified that he did not inform many of his potential employers of his disability, thereby indicating that his disability was not the reason for not obtaining employment in those instances. Further, many of the jobs appellee sought were in areas in which he had no experience. In view of those facts, appellee failed to meet his burden of establishing that his inability to obtain a job was due to his disability. Therefore, the deputy commissioner’s finding of a 25% loss of wage-earning capacity was error. Compare Florida Division of Corrections v. Morgan, 382 So.2d 1288 (Fla. 1st DCA 1980).
REVERSED.
SMITH, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.