PER CURIAM.
The county and its servicing agent contend the deputy commissioner erred in denying their request for reimbursement from the Special Disability Trust Fund. We believe the deputy properly denied reimbursement and affirm the order appealed.
The appellants’ sole point on appeal was: “whether the deputy commissioner erred as a matter of law in holding that appellants’ claim for reimbursement was not timely filed.” In a tortuous approach to this issue, the Fund has argued, and the deputy has agreed, that proof of timeliness in this case depended upon the county proving the date of its first payment of excess compensation. See § 440.49(4)(g), Fla.Stat. (Supp.1974).
We affirm not because of the county’s assertedly untimely filing per se, but because of its failure to prove that any excess compensation has been, or will be, paid. At best, the county proved that the claimant’s disability is attributable, by specific percentages, to her successive injuries; however, as the county acknowledges, this does not prove that a merger has occurred. See Davis v. Conger Life Insurance Company, et al., 201 So.2d 727 (Fla.1967). To establish a merger, there must be evidence that the claimant’s overall disability rating is greater than the sum of her permanent partial disability ratings. Bordo Citrus Products, et al. v. Varnadore, 395 So.2d 260 (Fla. 1st DCA 1981). Without a merger, there can be no “excess compensation” paid within the meaning of the Special Disability Trust Fund act. See § 440.49(2)(a).
Additionally, the county’s evidence on the claimant’s medical condition was unclear and somewhat contradictory, which further supports the deputy’s conclusion that there was a lack of competent evidence regarding *1076 the degree of permanent impairment and a concomitant failure of proof on the question of excess compensation.
Accordingly, the deputy commissioner’s order is affirmed.
SHIVERS, SHAW and WIGGINTON, JJ., concur.