LARRY G. SMITH, Judge.
The employer/carrier appeal a workers’ compensation order awarding temporary partial and temporary total disability benefits to the claimant. In addition, the claimant, by a separate motion, seeks an award of attorney’s fees on appeal, contending that Section 440.34, Florida Statutes (1979 Amendment) is unconstitutional as applied to deny attorney’s fees to the claimant on appeal, in controvention of Article I, Sec *353 tion 21, “Access to courts,” Florida Constitution. We affirm the order appealed, and deny the constitutional challenge.
The E/C’s chief complaint with respect to the claimant’s job search evidence is that the claimant was never told by any prospective employer that he was being refused employment because of his disability. The evidence discloses that the claimant undertook a job search after being discharged by his employer on August 28,1980 (on non-injury related grounds) while he was still recovering from the compensable injury. His job search efforts extended over a period of several months, during which time he visited the Florida State Employment Service every week, and included contact with some 22 prospective employers before he was finally successful in landing a job. Even the E/C admits that the claimant engaged in bona fide work search efforts. Moreover, although there is no direct proof of rejection for a job because of his disability, such direct proof of this essential element has not been required by prior decisions of this court. See, for example, Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981); Coca-Cola Company—Foods Division v. Lucien, 399 So.2d 1023 (Fla. 1st DCA 1981); and Palm Beach Newspapers Inc. v. Roston, 404 So.2d 174 (Fla. 1st DCA 1981). This court alluded to the inherent difficulties in obtaining direct evidence showing the specific reason for rejection by an employer in Flesche v. Interstate Warehouse, 411 So.2d 919, 925 (Fla. 1st DCA 1982), particularly footnote 13.
The evidence here does show that every job application the claimant submitted had questions regarding previous injuries, and at least one, possibly two, prospective employers specifically questioned him about his injuries. No doubt other factors entered into denial of the claimant’s application for some of the jobs sought. We think the evidence was sufficient, however, to support a finding that the claimant’s inability to obtain employment was due, at least in part, to the fact of his prior injury, or his disabled condition, or both. Furthermore, the extent and intensity of claimant’s job search was more than adequate to shift to the E/C the burden of demonstrating that suitable work within the claimant’s limitations was available. Wright v. Gulf and Western Food Products, 401 So.2d 1316 (Fla.1981).
Finally, we have examined appel-lee’s motion challenging the attorney’s fees statute, and find it without merit. We note particularly that if, as appellee suggests, he would be entitled to attorney’s fees below under this court’s ruling in Dolphin Tire Company v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981), it would not have been impossible for him to have received a determination to that effect prior to the perfection of the E/C’s appeal. See Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981).
MILLS and SHAW, JJ., concur.