WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s denial of temporary total disability benefits from November 11, 1980, through October 7,1981, and his denial of attorney’s fees. We affirm in part and reverse in part.
Appellant injured his back in a work related accident on November 19, 1979, while employed by appellee, University of Flori *700 da. At the time of the hearing, appellant was twenty-seven years old and had a work history as a laborer. His treating physician, Dr. Mauldin, a neurosurgeon, testified that appellant suffered a herniated nucleus pulposus as a result of his injury; that he first saw appellant on May 25, 1980, at which time he instructed appellant to remain relatively inactive; that on October 15,1980, appellant’s condition was essentially unchanged; that in April, 1981, he advised appellant to try to increase his activities and to try to find employment that did not involve heavy manual labor. He stated that appellant reached maximum medical improvement with a 10 percent permanent partial impairment on October 7, 1981. He referred appellant to vocational rehabilitation for retraining where, at the time of the hearing, appellant was attending classes on small engine repair. Dr. Mauldin stated that appellant’s physical activities are limited to those things that do not cause him pain, that he should not lift over twenty to twenty-five pounds and that he should avoid excessive climbing, bending or stooping.
According to a workers’ compensation specialist’s report in the record, the carrier’s physician, Dr. Marsh, saw appellant only once, on October 29,1980. At that time, he found that appellant had reached maximum medical improvement with a 10 percent disability and that appellant could do “sedentary type work which did not involve stooping or other such activities.” Dr. Marsh’s actual report is not contained in the record. The workers’ compensation specialist concluded his report, dated April, 1981, by recommending that appellant receive temporary total disability benefits from November, 1980. Appellee ceased paying appellant temporary total disability benefits on November 11, 1980, as a result of Dr. Marsh’s report.
In a February, 1981, deposition, appellant stated that he had not commenced his work search at that time because he was in too much pain. The record contains an extensive list of various places of employment which appellant contacted from April, 1981, through January, 1982, in an effort to obtain a job. According to notations on his list and his testimony, many of the places he contacted had no openings and some were beyond his experience and/or capabilities. In March, 1982, he obtained a janitorial job doing special light duty work. At the time of the hearing, he continued to be employed in that job and was participating in his small engine repair training program.
The deputy commissioner found that from November 11, 1980, through October 7, 1981, appellant was able to do light duty work. He based that finding “on the testimony of Dr. Mauldin, the medical report of Dr. Marsh, and the testimony of the claimant.” He denied appellant temporary total disability benefits during that period “as he has failed to conduct an adequate job search during that time.” He stated further:
A work search which is unsuccessful because of unavailability of work precludes temporary total compensation because such evidence does not prove a loss due to compensable disability. Lehigh Corporation v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
The deputy commissioner found that appellant is entitled to wage loss benefits from October 7,1981, and continuing on the basis of his testimony as to his job search, his attempts at rehabilitation, and the testimony of Dr. Mauldin and appellant as to appellant’s physical limitations. He found that appellant’s job search following the date of maximum medical improvement, which he declared to be October 7, 1981, was sufficient based upon the holding of Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982). He found that employer/carrier did not act in bad faith in failing to pay wage loss benefits from October 7, 1981, as employer/carrier relied in good faith on the state of the law prior to the rendition of Regency Inn with regard to an adequate job search.
The deputy commissioner erred in finding that appellant was able to do light duty work from November 11, 1980, through October 7,1981, on the basis of the *701 testimony of Dr. Mauldin, the medical report of Dr. Marsh, and the testimony of appellant. The testimony of Dr. Mauldin and appellant does not support that finding but instead corroborates the work search evidence that appellant was not able to work during that period. The medical report of Dr. Marsh is not even in the record. Therefore, competent substantial evidence does not support the deputy commissioner’s finding in this regard.
Even if appellant had been capable of performing light duty work from November 11, 1980, through October 7, 1981, the deputy commissioner’s finding that appellant was not entitled to temporary disability benefits for that period because he had not conducted an adequate job search was error. Appellant’s job search, beginning in April, 1981, was adequate. Appellant produced an extensive list of the names of businesses contacted, the type of work sought, the number of contacts made, and the time frame within which the work was sought. The unavailability of jobs due to economic conditions does not preclude recovery of wage loss benefits, and it is not necessary for a wage loss claimant to present evidence that his refusal for employment was not due to unavailability of jobs resulting from economic conditions. Regency Inn. The extent and intensity of appellant’s job search was more than adequate to shift to the employer/carrier the burden of demonstrating that suitable work within appellant’s limitations was available, a burden employer/carrier did not meet in this case. See Florida Mining & Minerals v. Brantley, 418 So.2d 352 (Fla. 1st DCA 1982). Compare also this Court’s discussion in Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), of the special circumstance of an injured person who is attempting to find a job while still recovering. Thus, appellant is entitled to temporary total disability benefits from November 11, 1980, through October 7, 1981.
Appellant also seeks reversal of the deputy commissioner’s denial of attorney’s fees, on the basis that employer/carrier acted in bad faith in halting payment of benefits to appellant after maximum medical improvement on October 7, 1981. We find no error in that denial of attorney’s fees since the state of the law on the effect of the unavailability of jobs was unsettled pri- or to rendition of the Regency Inn opinion. Therefore, the deputy commissioner was justified in concluding that employer/carrier did not act in bad faith in ceasing to pay appellant benefits due to its belief that appellant’s job search was inadequate.
AFFIRMED in part, and REVERSED in part.
ERVIN and THOMPSON, JJ., concur.