499 So.2d 876 (1986)
ALL AMERICAN WHEEL WORLD, INC. & FAWA Self Insurers Fund, Appellants,
v.
James M. GUSTAFSON, Appellee.
No. BK-399.
District Court of Appeal of Florida, First District.
December 10, 1986.
Rehearing Denied January 23, 1987.
Michael Broussard, of De Ciccio & Broussard, Orlando, for appellants.
J. Michael Matthews, of Fisher & Matthews, Altamonte Springs, for appellee.
WENTWORTH, Judge.
Appellants seek review of a workers' compensation order by which they were ordered to pay temporary total disability (TTD) benefits, penalties and costs.
Appellants contend the deputy commissioner erred in finding a subsequent accident that occurred during an automobile trip for medical treatment to be compensable. We affirm.
Appellee on September 10, 1984 injured his back in a compensable accident. An authorized chiropractor, Dr. Thomas Yandell, examined appellee and scheduled 13 appointments for physical therapy at his office. Appellee's back condition improved, and on October 5, 1984, Dr. Yandell released appellee to return to work with a 10- to 15-pound lifting restriction. Appellee was to see Dr. Yandell on November 8, 1984, but, apparently because of transportation problems, he failed to keep the appointment. The following day at approximately 8:55 a.m., appellee was injured in an automobile accident while a passenger in a friend's vehicle. Appellee stated he was en route to Dr. Yandell's office at the time of the accident. Dr. Yandell testified that he routinely accepts patients for treatment whenever they show up even though they might have scheduled appointments for other times. In a report following appellee's second accident, Dr. Yandell stated that at the time of appellee's automobile accident, he had not fully recovered from his industrial accident, and had not reached maximum medical improvement.
The e/c on January 9, 1985 deauthorized further treatment, refusing to pay benefits following the automobile accident. Appellee on January 10, 1985 filed a claim for temporary benefits from November 9, 1984 *877 to January 20, 1985. The e/c defended on the ground that appellee's intervening automobile accident was the sole and proximate cause of his present medical problems. In his order, the deputy commissioner awarded TTD benefits from November 9, 1984 through January 20, 1985, finding the subsequent accident to be compensable because appellee was traveling to Dr. Yandell's office for treatment when the accident occurred, and because appellee had not yet recovered from his first accident at the time of the subsequent accident.
We find no error in the award. "When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence of that injury likewise arises out of the employment unless it is the result of an independent intervening cause which breaks the chain of causation." Central Concrete Co., Inc. v. Harris, 475 So.2d 1300 (Fla. 1st DCA 1985), citing D'Angelo Plastering Co. v. Isaac, 393 So.2d 1066 (Fla. 1980).
The unrebutted testimony in this case is that at the time of the subsequent accident, appellee was traveling to the office of Dr. Yandell for treatment related to his primary industrial accident.
The order is affirmed.
BOOTH, C.J., and MILLS, J., concur.