WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which the employer/carrier were denied reimbursement from the Special Disability Trust Fund. The employer/carrier argue that the judge erred in finding no merger and in denying the employer/carrier any reimbursement for benefits paid to claimant. We find that the disability from claimant’s subsequent injury is materially greater because of a preexisting condition and reverse. This finding establishes a predicate for possible recourse by the employer/carrier to the Special Disability Trust Fund.
The record evidence established that when claimant was hired by the employer he had a preexisting permanent impairment of his left arm. This impairment left him with a diminution in fine motor control of his left hand and some muscle atrophy in his left arm and precluded him from engaging in employment that required fine coordination with his hands. The employer was aware of claimant’s permanent impairment when it hired him. Claimant worked in the bakery, and was able to perform his job duties of lifting heavy sacks of flour and bakery pans by relying more on his right arm than on his left. He subsequently sustained a compensable injury to his back and neck in 1983 which left him with an additional permanent impairment. Claimant’s ability to bend and lift is now restricted because of his back injury, and he is incapable of heavy labor. The employer/carrier paid claimant a lump sum in compensation benefits under a settlement agreement and then sought reimbursement from the Special Disability Trust Fund.
Section 440.49(2)(b)2.b. provides:
Merger describes or means that: The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed ... and the employer has been required to pay, and has paid ... benefits for that materially and substantially greater disability....
The parties are in dispute as to whether the permanent impairment, disability or wage loss resulting from claimant’s subsequent accident is materially and substantially greater because of his preexisting condition, and whether the employer/carrier have paid excess compensation to claimant because of a greater impairment, disability, or wage loss. In reaching her conclusion that there was no merger, the order recites that the judge “relied on the deposition testimony of [the doctor] wherein he stated *137 there was no medical relationship between the two conditions.” Additionally, she found that the employer/carrier “have not been required to pay any additional permanent benefits than they would have been required to pay for the results of the [subsequent] accident alone.”
The judge erred in concluding that the lack of a medical relationship between claimant’s conditions disproves the existence of merger. To support a finding of merger, there must be a prior permanent impairment that interacts with the effects of a later compensable injury in such a manner as to enhance the residual disability that would normally result from the later compensable injury. Bordo Citrus Products v. Varnadore, 395 So.2d 260 (Fla. 1st DCA 1981). Claimant’s physician testified that the impairment resulting from claimant’s back injury was not made materially and substantially greater by the permanent impairment attributable to his preexisting condition. However, there was evidence demonstrating that claimant has experienced a decrease in functional ability since his back injury that creates a greater economic disability than would have otherwise existed in the absence of the preexisting condition. Until his back injury, claimant was capable of doing jobs requiring heavy labor even if his left arm impairment precluded him from engaging in light labor requiring fine coordination with his hands. Now, however, claimant has experienced a decrease in his ability to engage in either kind of labor. Claimant’s preexisting impairment thus made the economic disability he experienced because of his back injury greater than it otherwise would have been.
Although the order recites that the E/C “have not paid benefits for a materially and substantially greater impairment, wage loss or disability,” we reverse the order denying reimbursement because we find that the interaction of claimant’s conditions creates in claimant a greater economic disability, and we remand to the judge of compensation claims to address the issue of excess payment.
The order is reversed and remanded for further consistent proceedings.
NIMMONS and ZEHMER, JJ., concur.