554 So.2d 1192 (1989)
D.O.T., STATE OF FLORIDA and Risk Management, Appellants,
v.
Heidi KING, Appellee.
No. 89-512.
District Court of Appeal of Florida, First District.
December 11, 1989.
Rehearing Denied February 2, 1990.
H.M. Gladstein, of Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellants.
Ronnie Klein Witlin, of Witlin & Witlin, Miami, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which temporary total disability benefits were awarded. We find that the injuries which claimant sustained when struck by an automobile while walking as prescribed therapy for her industrial injury were properly determined to be compensable. We further find that there was competent substantial evidence establishing claimant's temporary total disability for the period awarded, and that there was no reversible error with regard to the determined dates of accidents. We therefore affirm the order appealed.
The parties stipulated that claimant sustained multiple industrial accidents in April 1986. Claimant described the trauma which she sustained to her leg at that time, resulting in phlebitis which became so severe as to require hospitalization. After claimant was released from the hospital her treating physician repeatedly advised her to exercise, recommending that claimant walk in order to stimulate the circulation in her legs. The doctor indicated that this was a prescribed therapy for her compensable condition, and another physician agreed that walking would be a beneficial course of treatment.
Claimant, who did not generally engage in exercise, complied with her doctor's instructions and began taking short walks. In August 1987 the doctor encouraged claimant to continue this practice, and less than a week later she was struck by an automobile while on such a walk. Claimant testified that she was walking on that occasion only because of her doctor's advice, and noted that she had carefully looked both ways while crossing a road with light traffic. After she reached the grass median of the road an automobile involved in a vehicular collision departed the roadway and struck claimant, producing extensive and severe injuries.
Various cases have established that injuries sustained in the pursuit of medical *1193 treatment may be compensable when the treatment relates to a compensable injury. See e.g., Telcon Inc. v. Williams, 500 So.2d 266 (Fla. 1st DCA 1986); All American Wheel World, Inc. v. Gustafson, 499 So.2d 876 (Fla. 1st DCA 1986). However, the independent and intervening negligence of a third party may place a subsequent injury outside the chain of industrial causation, so as to render it noncompensable. See D'Angelo Plastering Co. v. Isaac, 393 So.2d 1066 (Fla. 1980). In D'Angelo an injured worker was struck by a vehicle while attempting to cross an intersection as a pedestrian, wearing a back brace and using crutches necessitated by an industrial injury. The court determined that the subsequent injuries were not sufficiently related to the industrial injury to be compensable, as the negligence of the automobile driver was an independent intervening cause. But the court emphasized that the decision "should not control future cases in which the results of the original injury play a larger role," distinguishing cases in which further injury occurs in the pursuit of medical treatment.
While both Telcon and All American involved injuries sustained while traveling in an automobile to receive medical treatment, whereas claimant in the present case was injured as a pedestrian as in D'Angelo, claimant's injuries occurred while she was reasonably pursuing prescribed medical treatment. This circumstance distinguishes the present situation from D'Angelo, where the injured pedestrian was apparently on a personal mission. As in Telcon and All American, claimant's subsequent injuries remained within the chain of industrial causation and were properly found to be compensable.
Although claimant was at times released to attempt a return to work, the treating physician placed extensive restrictions on her physical activities and stated that he could not "conceptualize" any employment which she would be able to maintain. Claimant has an extremely limited employment history, and conducted an unsuccessful work search during the period of her medical release. Claimant's temporary total disability was adequately established by the totality of the circumstances, and does not require an absolute medical preclusion of all physical activity. See generally, Hankison v. University of Florida, 432 So.2d 699 (Fla. 1st DCA 1983). Employer/carrier's evidence did not overcome claimant's proof as to the extent of her disability, and the determination of temporary total disability was proper for the period such benefits were awarded.
While claimant's testimony suggests that she experienced a single industrial accident in April 1986, the parties stipulated as to multiple April 1986 accident dates. Employer/carrier now challenge the determination of such multiple accidents. However, the issue has been waived in accordance with employer/carrier's stipulation as to the occurrence of multiple accidents, and any inaccuracy with regard to the date of accident was harmless and did not affect the merits of the challenged order.
The order appealed is affirmed.
JOANOS and THOMPSON, JJ., concur.