572 So.2d 8 (1990)
LITTLE CAESAR'S PIZZA and Hartford Insurance, Appellants,
v.
William Bruce INGERSOLL, Appellee.
No. 90-607.
District Court of Appeal of Florida, First District.
December 19, 1990.
Anthony Reinert of Reinert, Perez & Goran, P.A., Coral Gables, for appellants.
Gerald Piken of Law Offices of Gerald Piken, P.A., North Miami, for appellee.
ALLEN, Judge.
Appellants, employer/carrier, appeal a workers' compensation order awarding benefits to appellee claimant. We find that the injuries which the appellee sustained in an automobile accident after returning from swimming, which was physician-approved therapy for his industrial injury, were properly determined by the judge of compensation claims to be compensable. We therefore affirm the order on appeal.
Appellee sustained a compensable industrial injury on June 21, 1987. Appellants authorized treatment by an orthopedic surgeon. The orthopedic surgeon advised claimant to increase his activities to improve his stamina and told him that swimming would be an acceptable exercise for his recovery process, so claimant began swimming at a park called Matheson Hammock.
On June 1, 1988, while returning from Matheson Hammock where he had been swimming, claimant was involved in an automobile accident. Appellants did not authorize treatment for the automobile accident, and this is the accident for which compensability was disputed below.
In Dep't of Transp. v. King, 554 So.2d 1192, 1193 (Fla. 1st DCA 1989), review *9 denied, 563 So.2d 631 (Fla. 1990), a claimant was struck by an automobile while walking as prescribed therapy for an industrial injury. We held that since the claimant injured herself while reasonably pursuing prescribed medical treatment, her subsequent injuries remained within the chain of industrial causation. We find that the judge's reliance on King was appropriate in this case since claimant was returning from swimming at the time of his automobile accident. See also All American Wheel World, Inc. v. Gustafson, 499 So.2d 876 (Fla. 1st DCA 1986).
The recently enacted Ch. 90-201, § 14, Laws of Fla. reads as follows:
Subsequent Intervening Accidents.  Injuries caused by a subsequent intervening accident arising from an outside agency which are the direct and natural consequence of the original injury are not compensable unless suffered while traveling to or from a health care provider for the purpose of receiving remedial treatment for the compensable injury.
Appellants argue that this statute supersedes King, and that it should control this case. We reject appellants' argument because the substantive rights of the parties in workers' compensation cases are determined by the law in effect at the time of a claimant's injury. City of Clermont v. Rumph, 450 So.2d 573, 575 (Fla. 1st DCA 1984), review denied, 458 So.2d 271 (Fla. 1984). Here, the industrial accident occurred well before the effective date of the new statute, so we need not determine whether the statute would have affected the compensability of appellee's claims growing out of the automobile accident.
The order appealed is affirmed.
WENTWORTH and JOANOS, JJ., concur.