BOOTH, Judge.
This cause is before us on appeal from an order awarding reimbursement of compensation benefits from the Special Disability Trust Fund (the Fund). Appellant contends, inter alia, that the evidence fails to establish “merger” under Section 440.-49(2)(b)2.b., Florida Statutes, and that ap-pellee, therefore, did not pay “excess compensation” for which reimbursement is required.
In 1983, claimant Ned Dye, Jr., sustained a low-back injury and returned to work after conservative medical treatment. On May 27, 1986, claimant suffered a second compensable back injury. Thereafter, ap-pellee began paying temporary total disability benefits. Claimant reached maximum medical improvement (MMI) on February 5, 1987, with a ten-percent permanent impairment, and began receiving wage-loss benefits on April 1, 1987. On May 8, 1987, claimant was retroactively reclassified as permanently totally disabled as of February 5, 1987.
Thereafter, appellee’s claim for reimbursement of alleged excess benefits paid due to merger of the 1983 and 1986 back injuries was denied by the Fund.
On December 14, 1990, the judge of compensation claims (JCC) found that the E/SI had satisfied the requirements of proving the existence of medical merger pursuant to Section 440.49(2)(b)2, Florida Statutes. The order states in pertinent part:
Specifically, Dr. Babcock testified that the claimant had some degree of a permanent back injury as a result of the 1983 accident which combined with the [ejffect of the instant accident to result in a greater disability that had the claimant suffered [in] the instant accident alone.
Section 440.49(2)(b), Fla.Stat., states in pertinent part:
2. “Merger” describes or means that:
[[Image here]]
b. The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed and the employer has been required to pay, and has paid, permanent total disability, permanent impairment, or wage-loss benefits for that materially and substantially greater disability; ...
Thus, merger under subsection 2.b., supra, occurs when there is a prior permanent impairment that interacts with the effects of a later compensable injury in such a manner as to produce a more severe permanent disability than would normally result from the later injury. Bordo Citrus Products v. Varnadore, 395 So.2d 260 (Fla. 1st DCA 1981), review denied, 402 So.2d 614 (Fla.1981). In other words, “[t]o establish a merger there must be evidence that the claimant’s overall disability rating is great *1180 er than the sum of her permanent partial disability ratings.” Board of County Commissioners v. Special Disability Trust Fund, 417 So.2d 1075 (Fla. 1st DCA 1982).
In the instant case, the JCC found that merger had occurred because the sum of the two impairments was greater than the second impairment alone. This finding was predicated on Dr. Babcock’s testimony that claimant had reached MMI with a ten-percent permanent partial disability rating. However, Dr. Babcock determined this rating before he knew of claimant’s previous disability, as he testified:
Q. ... Do you have an opinion ... as to whether or not the claimant had a preexisting permanent partial impairment to his back prior to the accident for which you treated him ... ?
[[Image here]]
A. [Dr. Babcock] I had estimated his total disability as ten percent of the body as a whole without this information.
[[Image here]]
A. And at a later date ... I would have considered his disability related to the first injury in 1983 as two percent of the body as a whole and an injury in 19_—
Q. ’86, I believe?
A. _86 as eight percent of the body as a whole. Eight percent would be the usual disability assigned to a back patient who had done reasonably well and returned to work.
[[Image here]]
A. ... The overall rating remained the same after any correspondence that it was before. It’s just that, at the request of the insurance carrier, I presume, I tried to split it up between the two injuries in an appropriate manner.
[[Image here]]
Q. You basically added up the two percent for the ’83 and eight percent?
A. Two percent and an eight percent.
Q. All right, and that was a total of ten percent?
A. Yes.
The instant case is factually similar to Bordo, supra, 395 So.2d at 261, wherein this court held:
The doctor found a 16% PPD prior to 1977, and an additional 16% PPD since 1977, for a total of a 32% PPD. This figure was used by the Deputy as representing PPD due to merger. However, even if the 16% PPD since 1977 was related to the claimant’s industrial injury, a finding of merger would still be invalid because merger does not exist if a doctor provides a PPD rating simply by adding the disability rating for a preexisting condition to the disability rating for an industrial injury. Instead, there should be evidence demonstrating that the claimant suffered an overall PPD rating (as a result of two conditions merging) which is greater than the sum or combination of the PPD ratings for both conditions.
In the instant case, as in Bordo, supra, the medical expert relied on by the JCC added the disability ratings for the two accidents to arrive at a present disability rating. Such evidence does not establish merger, and the order below must be reversed and the claim dismissed.
Accordingly, we reverse the JCC’s award of reimbursement from the Special Disability Trust Fund and remand for proceedings consistent herewith.
MINER and ALLEN, JJ., concur.