BENTON, Judge.
The Special Disability Trust Fund (Fund) appeals an order requiring it to make “full statutory reimbursement” to Meyer USA (the second carrier) for half the workers’ compensation benefits due Sammie Lee Smith. Mr. Smith suffered a back injury on April 12, 1982, an injury that working aggravated on March 14, 1988, and again on June 30, 1990. At all pertinent times, he was at work for FLM Building Products, Inc. (“FLM”). A different workers’ compensation insurance carrier was on the risk in 1982 than in 1988, and a third carrier was on the risk in 1990. We affirm the order under review.
In 1993, undergoing a chiropractic manipulation attributable to injury at work, Mr. Smith sustained further injury, which gave rise to an additional twenty percent permanent impairment rating. See Little Caesar’s Pizza v. Ingersoll, 572 So.2d 8 (Fla. 1st DCA 1990); D.O.T. v. King, 554 So.2d 1192, 1192-93 (Fla. 1st DCA 1989) (characterizing as established the proposition “that injuries sustained in the pursuit of medical treatment may be compensable when the treatment relates to a compensable injury”); Telcon, Inc. v. Williams, 500 So.2d 266 (Fla. 1st DCA 1986). Mr. Smith had received a permanent impairment rating of five percent as a consequence of the original industrial injury, and an additional two percent permanent impairment rating for each subsequent industrial injury.
In 1994, after the fateful visit to the chiropractor, the second carrier accepted Mr. Smith administratively as permanently totally disabled. Then (in a prior proceeding) the second carrier sought contribution from the first and third carriers. The judge of compensation claims ruled that the second carrier was entitled under section 440.42(3), Flori-da Statutes (1987), to contributions of thirty percent from the first carrier and of twenty percent from the third carrier.
The present proceeding began with the second carrier’s claim against the Fund under section 440.49(2), Florida Statutes (1987), for reimbursement of the fifty percent for which it remained responsible. The second carrier contends that the 1982 industrial accident caused Mr. Smith permanent physical impairment — of which the employer was aware — that preexisted and combined with the injury or aggravation attributable to the 1988 industrial accident to cause disability materially and substantially greater than the 1988 accident would have produced independently.
*423 After an evidentiary hearing, the judge of compensation claims ruled that Mr. Smith’s permanent total disability was a result of a merger of the kind contemplated by section 440.49(2)(b)2.b., Florida Statutes (1987), and ordered the Fund to reimburse the second carrier — to the extent permitted by section 440.49(2), Florida Statutes (1987) — for benefits for which the second carrier remained liable after apportionment. The apportionment order entitled the second carrier to contributions covering fifty percent of permanent disability benefits due Mr. Smith, above certain thresholds. See generally General Tire Service v. Special Disability Trust Fund, 569 So.2d 481 (Fla. 1st DCA 1990). The second carrier is clearly not entitled to (and has not sought) reimbursement from the Fund for the fifty percent of permanent disability benefits apportioned to the first and third carriers.
The Fund argues for a blanket prohibition against reimbursement for a carrier who obtains any contribution from another carrier. But no statutory basis for such a prohibition exists, and section 440.49(2)(f)3., Florida Statutes (1987), may be read as contemplating reimbursement in just such circumstances. That provision states:
An employer’s or carrier’s right to apportionment or deduction pursuant to ss. 440.02(1), 440.15.5(b), and 440.151(l)(c) shall not preclude reimbursement from such fund, except when the merger comes within the definition of sub-subparagraph (b)2.b. and such apportionment ... relieves the employer or carrier from providing the materially and substantially greater permanent disability benefits otherwise contemplated in said paragraphs.
If the 1988 injury or aggravation would not alone have caused permanent total disability, Mr. Smith would not have been entitled to permanent total disability benefits merely by virtue of the 1988 accident. Plainly the fifty percent of benefits for which the second carrier remains fully responsible is materially and substantially greater than the lack of any liability at all.
In ordering reimbursement, the judge of compensation claims found “that continuing treatment would have been needed for the 1982 injury, even if the 1988 injury had not occurred.” See Flowers Baking Co. v. Special Disability Trust Fund, 550 So.2d 135, 137 (Fla. 1st DCA 1989); Special Disability Trust Fund v. Pantry Pride, 517 So.2d 84, 87 (Fla. 1st DCA 1987) (holding that “[ojnly when the injuries attributable solely to the second accident are found not to have rendered the employee PTD and when the employee is PTD due to the first and second accident can it be found that the E/SA is paying more benefits as a result of the preexisting impairment”); Special Disability Trust Fund v. Fleet Transp. Co., 283 So.2d 31, 32 (Fla.1973) (upholding reimbursement order where what the employer would have been required to pay, absent the preexisting physical condition, would have been materially and substantially less than what the employer in fact paid).
The Fund’s only other argument is that merger was not proven as a matter of fact. (The Fund does not contend that the order of apportionment in the prior case is res judicata on the question of merger.) Competent substantial evidence supports findings in the order under review that we take to mean that the injurious chiropractic manipulation was attributable to the 1982 injury (possibly as aggravated in 1990) and would never have taken place simply because of the 1988 industrial accident. Mindful of the legislative directive that the Division “shall interpret eligibility [for reimbursement] requirements liberally,” § 440.49(2)(a), Fla.Stat. (1987), we see no good reason to disturb the findings of the judge of compensation claims.
Affirmed.
VAN NORTWICK and PADOVANO, JJ., concur.