440 So.2d 460 (1983)
SPECIAL DISABILITY TRUST FUND, Appellant,
v.
Foster WHEELER and Claims Management Services, Appellees.
No. AR-344.
District Court of Appeal of Florida, First District.
November 2, 1983.
*461 Robert M. Mack, Sp. Disability Trust Fund, Tallahassee, for appellant.
Gary L. Stump of Whittaker, Pyle, Stump & Webster, P.A., Orlando, for appellees.
ROBERT P. SMITH, Jr., Judge.
We affirm the deputy's order finding that the employer is entitled to reimbursement of certain chapter 440 benefits payable to claimant, on account of his impairment by an industrial accident, from the Special Disability Trust Fund. Prior to his employment, claimant suffered a herniated intervertebral disc in an earlier compensable injury. If that were known to the employer at the time of hiring or otherwise before claimant's present injury, it is conclusively presumed that "the employer considered the condition to be permanent and to be, or likely to be, a hindrance or obstacle to employment," a required condition of this employer's reimbursement claim. Sec. 440.49(2)(f)1, Fla. Stat. (1981). The question is whether the employer previously knew of claimant's preexisting permanent physical impairment. Id.
This employer delegated hiring exclusively to claimant's boilermaker's union, which in hiring claimant in the employer's behalf well knew of claimant's prior permanent physical impairment. In the words of the parties' stipulation, "the referral system ... is one exclusive in nature meaning the lodge itself constitutes a hiring hall," and "the employment agreement is completed at the time of number selection of the employee and not at the gate or premises of the employer." When as here the employer relies for hiring upon another, the other is the employer's veritable agent for that purpose, and the other's knowledge should be held to satisfy the employer's need for knowledge in order to claim the benefits of reimbursement consequent upon the hiring and subsequent injury. See Joel Strickland Enterprises, Inc. v. Atlantic Discount Co., 137 So.2d 627 (Fla. 1st DCA 1962). For the employer thus to delegate to another authority to hire despite a worker's prior disability, notwithstanding knowledge of the worker's disability, satisfies the expressed legislative purpose in requiring employer knowledge as a condition to reimbursement. Sec. 440.49(2)(a).
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.