ROBERT P. SMITH, Jr., Judge.
Appellant, 54 years of age, lost all sight in one eye as a result of an industrial acci-' dent. His claims for medical, rehabilitative and wage-loss benefits were apparently honored, or at least not contested in these proceedings before the deputy. He has received permanent impairment benefits of $1,200 in accordance with section 440.-15(3)(a), Florida Statutes (1981), and he asserts that the benefits provided in that class by the 1981 statute are so paltry as to deny him redress for his injury. Art. I, sec. 21, Fla.Const. As points of comparison he points to pre-1979 benefits of “at least $10,-000” and to common law judgments, for loss of an eye due to another’s negligence, in the hundreds of thousands of dollars. 5 Am. Jur. Proof of Facts Ann. (Supp.1980). Ap-pellees respond to the effect that legislation like chapter 440 is designed to compensate principally for loss of earning capacity or earnings. 2 LARSON’S WORKMEN’S COMPENSATION, § 57.11 (1982); Magic City Bottle and Supply Co. v. Robinson, 116 So.2d 240, 243 (Fla.1959).
We adhere to this court’s decision in Mahoney v. Sears, Roebuck & Co., 419 So.2d 754 (Fla. 1st DCA 1982), pet. for rev. granted, Fla. Supreme Court Case No. 62,721, holding that this law is constitutional.
AFFIRMED.
WIGGINTON, J., concurs.
BOOTH, J., dissents without opinion.