473 So.2d 8 (1985)
SPECIAL DISABILITY TRUST FUND, Appellant,
v.
Siesta Lago Mobile Homes and St. Paul Fire Insurance Company, Appellees.
No. BC-315.
District Court of Appeal of Florida, First District.
July 15, 1985.
Thomas R. Criss, Tallahassee, for appellant.
Robert A. Donahue of Cooper, Rissman & Weisberg, Orlando, for appellees.
NIMMONS, Judge.
The Special Disability Trust Fund (the Fund) appeals an order granting the employer/carrier's claim for reimbursement pursuant to Section 440.49, Florida Statutes (1979). We reverse.
The employer/carrier sought reimbursement from the Fund for payments made related to an April 1980 back injury sustained by one Gary Slumske, a maintenance worker of the employer, Siesta Lago Mobile Homes. The employer admits it had no actual knowledge of the worker's pre-existing impairment prior to the injury. The employer/carrier seek to establish entitlement to reimbursement by imputing knowledge from the former owner to the current owner of Siesta Lago Mobile Homes.
It is the employer's burden to establish entitlement to reimbursement under the statute. Pursuant to 440.49(2)(f)1., the employer was required to establish that he knew of the pre-existing permanent physical impairment of the claimant prior to the 1980 accident.
The former owner's knowledge of the claimant's pre-existing condition is not disputed. However, the record fails to support a finding of knowledge, whether by imputation or otherwise, of the current employer. There is considerable confusion as *9 to the nature of the sale and the name of the current owner and employer. The only testimony on the change in the ownership of Siesta Lago Mobile Homes is the testimony of the claimant, a maintenance worker. There is some indication that Siesta Lago was in receivership when the claimant was hired. There is no indication of the nature of that receivership, only the claimant's passing reference to "a bankruptcy thing." There is reference to Steiner and Associates either as a management firm which operated the park during receivership or as an owner of the park. There is not even clear proof of the name of the current owner which is variously described as "Mobilelinium" or "Mobile Home Park." There is no reference to the nature of the sale between the former and current owners. The record does not establish whether the new owner merely acquired the assets of Siesta Lago or assumed all of the rights and obligations of the former owner. There is insufficient evidence of the circumstances by which the claimant's employment was continued at Siesta Lago after the ownership transfer. The employer/carrier has failed to prove entitlement to reimbursement from the Fund.
A limited exception to the knowledge requirement is found in Special Disability Trust Fund v. Wheeler, 440 So.2d 460 (Fla. 1st DCA 1983), which appellees seek to have applied to the facts herein. Wheeler represents a situation in which an ongoing business contractually delegates the hiring of its employees to a union hall. This case is patently distinguishable from Wheeler, and we decline to expand Wheeler's limited exception to the instant case, especially in light of the factual deficiencies of the record before us as mentioned above.
The order appealed is REVERSED.
WENTWORTH and ZEHMER, JJ., concur.