478 So.2d 391 (1985)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, Appellant,
v.
LAKELAND CONSTRUCTION COMPANY, INC., and Claims Center, Appellees.
No. BD-366.
District Court of Appeal of Florida, First District.
October 29, 1985.
*392 Gordon W. Jacobs, Sp. Disability Trust Fund, Tallahassee, for appellant.
Janet Jaspers of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellees.
ZEHMER, Judge.
The Special Disability Trust Fund (Fund) appeals the deputy commissioner's order directing it to reimburse the employer pursuant to section 440.49, Florida Statutes (1979), for excess permanent disability benefits and temporary total and medical benefits. We affirm.
In November 1980 claimant, Earle Flatt, suffered an industrial accident when an aneurysm ruptured. Surgery left claimant with a 30% to 35% impairment of the body as a whole.
Claimant continued to complain of headaches, weakness in his left arm and leg, and memory loss. Dr. Mozingo, a neurosurgeon, concluded that the complaints were secondary to the ruptured aneurysm, hemorrhaging, and surgery. He recommended psychological and psychometric testing. Dr. Gessner, a clinical psychologist, found that claimant ahd a significant impairment of the frontal cerebral lobe function and testified that alcohol abuse might have contributed to the impairment.
In June 1983 Dr. Campbell, a neurologist, diagnosed claimant as suffering from Korsakoff's Syndrome, an organic brain disorder characterized by a gross disturbance in a patient's recent memory and confabulation brought about by excessive use of alcohol. Dr. Campbell also opined that this disorder preexisted the industrial accident. While the employer knew before the November 3, 1980, industrial accident that Flatt suffered from the disease of alcoholism, it did not know he suffered from Korsakoff's Syndrome.
We partially upheld an award of temporary total disability benefits on a prior appeal. Lakeland Construction Co. v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983). Claimant's claim was subsequently settled by lump-sum payment.[1]
Following payment of Flatt's claim, the employer sought reimbursement from the Fund pursuant to the formula contained in section 440.49, Florida Statutes (1979). Following a hearing on October 12, 1984, the deputy commissioner entered an order finding that claimant suffered from preexisting Korsakoff's Syndrome caused by his alcoholism, that the employer was aware of claimant's alcoholism, that alcoholism is a permanent disease which acts as a hindrance to employment, and that the preexisting Korsakoff's Syndrome merged with claimant's accident-produced brain injury to result in a greater permanent impairment than would have resulted from the industrial accident alone. The deputy commissioner then directed the Fund to reimburse the employer for excess expenditures in permanent disability and temporary total disability and medical benefits.
On appeal the Fund raises three points: (1) Sections 440.09(2) and 440.02(18), Florida Statutes (1979), read together, constitute a bar against any alcohol-related impairment forming the basis of merger; (2) the employer failed to establish merger; and (3) the employer *393 did not have knowledge of claimant's preexisting Korsakoff's Syndrome, as required for reimbursement under section 440.49(2)(f), Florida Statutes (1979).
Turning to the first point, section 44.49(2)(b)(2), Florida Statutes (1979), provides in part as follows:
"Merger" describes or means that:
* * * * * *
The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed and the employer has been required to pay, and has paid, permanent total disability, permanent impairment, or wage-loss benefits for that materially and substantially greater disability. [Emphasis added.]
Section 440.02(18) defines "accident" as follows:
"Accident" means only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only, or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of employment. [Emphasis added.]
The Fund argues that this latter provision creates a bar against a preexisting alcohol-related impairment forming the basis of a merger under section 440.49. We decline to accept the Fund's statutory construction.
The word "accident" in section 440.49(2)(b)(2) is preceded by the word "subsequent." This section is clearly meant to refer to the second or industrial injury, in this case the rupture of claimant's aneurysm. Also, section 440.02(18) speaks in terms of a disease due to use of alcohol as not constituting an "accident arising out of employment." This section, too, refers to the industrial injury. Our construction leads us to conclude that when the industrial injury is itself causally related to the use of alcohol, then the injury shall be noncompensable and merger may not apply. That is not the case here.
The purpose of the special disability trust fund statute is to encourage the employment of workers with permanent physical impairments by protecting employers from excess liability for compensation and medical expense. § 440.49(2)(a), Fla. Stat. (1979). The preexisting condition necessary to form the basis of merger is a "preexisting permanent physical impairment." § 440.49(2)(c)(1), Fla. Stat. (1979). "Permanent physical impairment" is defined as "any permanent condition due to previous accident or disease or any congenital condition which is, or is likely to be, a hindrance or obstacle to employment, but not due to the natural aging process." § 440.49(2)(b)(1), Fla. Stat. (1979) (emphasis added). There is no requirement that the preexisting condition, by itself, would be compensable.
As to appellant's second point, there is competent, substantial evidence in the record, particularly in Dr. Campbell's testimony, to support the deputy commissioner's finding of merger. The deputy found it impossible to apportion what percentage of the total disability was the result of which cause. The Fund's argument that claimant was permanently and totally disabled, independent of the effects of Korsakoff's Syndrome, is therefore rejected.
Finally, we reach the question of whether the employer's lack of knowledge of the fact that claimant suffered from Korsakoff's Syndrome, as distinguished from alcoholism, would preclude reimbursement. Section 440.49(2)(f)(1), Florida Statutes (1979), provides in relevant part:
No reimbursement shall be allowed under this subsection unless it is established that the employer reached an informed conclusion prior to the occurrence of the subsequent injury or occupational disease that the preexisting physical condition is permanent and is, or is *394 likely to be, a hindrance or obstacle to employment.
It is undisputed that the employer knew during the course of employment that claimant suffered from the preexisting disease of alcoholism and that it was a hindrance to his work and an obstacle to his employment.[2] The medical testimony indicates that claimant's Korsakoff's Syndrome was a direct manifestation of alcoholism. Dr. Campbell stated that "Korsakoff's Syndrome is a classical vitamin deficiency syndrome brought about by excess use of alcohol" and that "[p]robably the second most common ill consequence of chronic alcoholism after a liver disease is organic brain syndrome." Section 440.49(2)(a) directs the Division to liberally interpret eligibility requirements for benefits under this section. Having that mandate in mind, and because the medical testimony in this case clearly and directly relates claimant's symptoms known as Korsakoff's Syndrome to the preexisting disease of alcoholism, we affirm the deputy commissioner's order. To do otherwise would create a substantial chilling effect on the employment of known but rehabilitated alcoholics in contravention of the statutory policy and underlying purpose of the Special Disability Trust Fund.
AFFIRMED.
NIMMONS, J., and GUYTE P. MCCORD, Jr., (Ret.), Associate Judge, concur.
NOTES
[1] No one questions the reasonableness of the settlement. The deputy commissioner's order concluded that had he been called on to decide the issue it appears that claimant is permanently and totally disabled.
[2] The employer warned claimant that should he appear on the job in an inebriated condition he would be terminated.