MILLS, Judge.
This is a workers’ compensation appeal from an order denying the employer/carrier’s claim for reimbursement from the Special Disability Trust Fund (Fund). The e/c argue that the deputy commissioner erred in concluding a merger did not occur. We affirm.
Donald Helenburg worked as a truck driver for Armellini Express Lines, Inc. On 28 April 1985, he was in a truck being driven by another Armellini employee when the truck overturned. As a result of the mishap, Helenburg sustained a fracture at the C4-C5 level of the cervical spine, rendering him a quadriplegic.
At the time of the accident, Helenburg suffered from a preexisting degenerative disc disease in his cervical spine; specifically, osteoarthritis and spondylosis at the C5-C6 level. There was medical testimony that the preexisting condition caused a minor degree of permanent impairment prior to the accident in question.
The e/c paid Helenburg workers’ compensation benefits. They then sought reimbursement from the Fund. The Fund resisted, arguing no employer knowledge of a preexisting condition and no merger. The deputy found the e/c had knowledge of the preexisting condition, but that a merger did not occur. Accordingly, he denied the claim for reimbursement.
The e/c argue that a merger occurred under two of the three alternative definitions of merger provided in section 440.-49(2)(b)2, Florida Statutes (1983):
a. Had the permanent physical impairment not existed, the subsequent accident or occupational disease would not have occurred;
b. The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed and the employer has been required to pay, and has paid, permanent total disability, permanent impairment, or wage-loss benefits for that materially and substantially greater disability.
As to the kind of merger defined in section 440.49(2)(b)2.a., commonly known as “but for” merger, the e/c contend the “accident” was not the truck wreck, but the actual injury to the C4-C5 level of the spine. Therefore, the e/c reason, the fact that there was no causal connection between the truck wreck and the preexisting permanent physical impairment does not mean a “but for” merger did not occur. They contend medical testimony that Hel-enburg probably would not have been injured at the C4-C5 level absent the preexisting condition was sufficient to establish this kind of merger. In arguing that the injury and the accident are one and the same for purposes of determining “but for” merger, the e/c rely on the definition of “accident” in section 440.02(1), Florida *255 Statutes (1983): “an unexpected or unusual event or result, happening suddenly.” (emphasis supplied).
The deputy rejected this argument. He found the statutory definition of “accident” inapplicable because there was obvious external force or trauma, the truck wreck, and the “statutory definition of accident seems to have been applied in cases in which there has been no obvious external force or trauma_”
Although we agree with the deputy that “but for” merger did not occur, we do not subscribe to the notion that the definition of “accident” in section 440.02(1), Florida Statutes, does not apply to the use of the term in section 440.49(2)(b)2.a. The critical inquiry, however, is not whether the statutory definition of “accident” applies, but whether, under that definition, the truck wreck or the injury was the accident as that term is used in section 440.-49(2)(b)2.a. We believe in cases of obvious, external, and unexpected or unusual events happening suddenly (common “accidents” like the truck wreck in this case), that the accident for purposes of section 440.-49(2)(b)2.a. is the external event and not the resultant injury. That is, when there is an external event that is unquestionably an accident, the inquiry into the nature of the accident ends with that external event. Put yet another way, the alternative definitions of “accident” in section 440.02(1) apply seriatim. The first question is whether there is an unexpected or unusual event, happening suddenly. If so, that event is the accident. Only if the answer to that question is negative, is it necessary to ask whether there is an unexpected or unusual result, happening suddenly.
Applying this rule to the case at bar, we hold that the accident was the truck wreck, not the cervical fracture. Because there was no evidence that the truck wreck would not have happened had Helenburg’s preexisting permanent impairment not existed, we affirm the deputy’s ruling that a “but for” merger did not occur.
Our holding is not inconsistent with those Florida cases cited by the e/c holding, for purposes of compensability, that an unexpected or unusual result happening suddenly is no less an accident than an unexpected or unusual event happening suddenly. See, e.g., Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962). None of those cases involved merger. They involved situations where, absent a finding that the injury and the accident were the same, there would be no accident and, consequently, no compensation for the injured employee.
We turn now to the question of whether the deputy erred in finding no merger under the second alternative definition, section 440.49(2)(b)2.b. The e/c contend there is no competent substantial evidence that Helenburg would have sustained a spinal fracture or been rendered quadriplegic absent his preexisting condition. They assert that, even if Helenburg would have sustained an injury at the lower C5-C6 level absent the preexisting condition, the evidence showed the resulting impairment would not have been as severe. Thus, they conclude, a merger occurred because the evidence showed the claimant’s permanent impairment or disability was materially and substantially greater than that which would have resulted had the permanent physical impairment not existed.
Merger pursuant to section 440.-49(2)(b)2.b., however, requires more than a showing that the injured employee’s permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed. It also requires a showing that the employer has been required to pay, and has paid, permanent total disability, permanent impairment or wage-loss benefits for that materially and substantially greater disability. We understand this additional requirement to mean the benefits paid must be greater in amount because of the preexisting condition. In this regard, we find competent substantial evidence in the record supporting the deputy’s finding that the e/c have not had to pay greater permanent disability benefits because of Helenburg’s preexist *256 ing condition. The deputy did not err in finding no merger pursuant to section 440.-49(2)(b)2.b.
Finally, the e/c argue that construction of the merger requirements in a manner that results in denial of reimbursement in this case is contrary to the purpose and spirit of the statutory scheme establishing the Fund and providing for reimbursement. We think not. The e/c have the burden of proving entitlement to reimbursement from the Fund. Special Disability Trust Fund v. Siesta Lago Mobile Homes, 473 So.2d 8 (Fla. 1st DCA 1985). This is simply a case where the e/c did not carry that burden.
AFFIRMED.
SMITH, C.J., and ERVIN, J., concur.