BARFIELD, Judge.
The Special Disability Trust Fund appeals an order requiring it to reimburse appellee, the employer/servicing agent (E/SA), for PTD benefits paid to an injured employee who suffered a preexisting impairment at the time the employee suffered a second industrial injury. Finding the deputy’s fact-finding duties unfinished, we reverse for further proceedings.
The employee David Evans suffered a low back strain in February, 1982 which left him with a 5 percent permanent impairment (PI) of the body. In December, 1982, Evans suffered a crushing injury to his back when a large quantity of food fell on top of him while a truck was being unloaded. According to the medical testimony, this second injury caused a 15 percent PI to the body. When combined with the 5 percent preexisting PI, the employee suffered a 20 percent PI to the body as a whole due to his back injuries. Evans also developed a post-phlebitic condition from the second accident which Dr. Kenneth Richards, a thoracic and vascular surgeon, found left Evans with a 75 percent PI strictly from the vascular problems. Dr. Richards opined Evans would be unable to return to his previous employment.
*86 The deputy ordered the Fund to reimburse the E/SA under section 440.49(2) for benefits paid subsequent to the December, 1982 accident except for medical bills related solely to the treatment of the vascular condition. This was based upon a finding of a merger between the claimant’s preexisting permanent back impairment and his subsequent permanent back impairment. While noting that Dr. Richards found a permanent physical impairment from the vascular condition, the deputy found that the merger of the back condition and injuries alone would have rendered Evans permanently totally disabled. The employer/servicing agent was found to have been required to pay excess permanent compensation benefits resulting from the merger of these injuries.
Section 440.49(2) provides for reimbursement to an employer/carrier by the Special Disability Trust Fund for benefits paid to an employee who has a preexisting permanent impairment and who then incurs a subsequent compensable permanent impairment which merges with the preexisting permanent impairment. Merger is defined under section 440.49(2)(b)2.b. to mean:
“The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed and the employer has been required to pay, and has paid, permanent total disability, permanent impairment, or wage loss benefits for that materially and substantially greater disability ...”
Thus, a merger under this section requires a showing that the employee’s permanent impairment is materially and substantially greater than that which would have resulted had the preexisting permanent impairment not existed. The statutory provision also requires a showing by the party seeking reimbursement that the benefits paid to the employee are greater in amount because of the preexisting condition. Armellini Express Lines, Inc. v. Special Disability Trust Fund, 512 So.2d 253 (Fla. 1st DCA 1987), petition for review denied, No. 71,331 (Fla.Sup.Ct. Feb. 17, 1988). The employer/carrier bears the burden of establishing entitlement to reimbursement under section 440.49(2). Special Disability Trust Fund v. Siesta Lago Mobile Homes, 473 So.2d 8 (Fla. 1st DCA 1985).
In Armellini, supra, the employee, who suffered a preexisting disc disease, suffered a spinal fracture on the job which left him a quadriplegic. The E/C argued a merger occurred as the evidence showed the claimant’s impairment was materially and substantially greater than that which would have resulted had the disc disease not existed. The deputy, who was affirmed by this court, found that the E/C did not have to pay any greater permanent disability benefits because of the employee’s preexisting condition. The second injury, the spinal fracture, left the employee PTD without regard to the preexisting PI. Thus, there was no merger under section 440.49(2)(b)2.b.
Here, the deputy found Evans was permanently and totally disabled because of the injuries to his back from both the first and second accidents. Merely because there is an aggravation of a previous injury or an increase in PI to the back as a result of a second accident does not mean a merger occurs for purposes of reimbursement by the Fund. The merger statute requires the deputy to go beyond this conclusion. Before the deputy can find a merger and order reimbursement, the deputy must in this case make several additional findings. First, the deputy must find that the second back injury alone did not leave the claimant totally and permanently disabled. Second, the deputy must find the injury to the vascular system, attributable solely to the second accident, left the claimant less than PTD. Third, the deputy must find the combined effect of the back injury due to the second injury and the vascular injury left the claimant less than PTD. If the deputy finds the injuries from the second accident, either separately or in combination, did not result in PTD, the deputy must then find that the preexisting PI combined with the subsequent injuries to leave the employee PTD. *87 Only when the injuries attributable solely to the second accident are found not to have rendered the employee PTD and when the employee is PTD due to the first and second accident can it be found that the E/SA is paying more benefits as a result of the preexisting impairment. Where those findings are made and supported by competent, substantial evidence, the deputy may order reimbursement.
The case is REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and WIGGINTON, JJ., concur.