|2LeBLANC, Judge.
This is a claim by Fidelity & Casualty Company of New York (Fidelity), a worker’s compensation insurer, plaintiff/appellee, against the Worker’s Compensation Second Injury Board (Board), defendant/appellant, pursuant to La.R.S. 23:1371 et seq. for benefits allowed under the statute. The trial court rendered judgment in favor of Fidelity and the Board appeals.
FACTS
Twin Brothers Marine Corporation employed Russell Legnon as a welder. Before he was employed Mr. Legnon advised Twin Brothers of a previous injury he had sustained which resulted in a 35 percent permanent partial disability to his right foot. While working for Twin Brothers Mr. Leg-non sustained a neck and back injury which required a two level cervical fusion. As a result, Mr. Legnon’s orthopedic surgeon assigned a permanent disability rating of 10 percent per cervical level, or a total of 20 percent permanent, partial disability.
*1055 Mr. Legnon made a claim and worker’s compensation benefits were paid by Twin Brothers’ worker’s compensation insurer, Fidelity. Fidelity then make a claim with the Board, seeking reimbursement pursuant to La.R.S. 28:1371. Fidelity asserted the foot disability merged with the subsequent, second injury to Mr. Legnon’s neck and back, resulting in a greater disability to Mr. Leg-non. Therefore, Fidelity maintained it qualified for reimbursement pursuant to La.R.S. 23:1371.
The Board denied the claim by Fidelity. The Board’s decision stated “there has been no evidence submitted showing a substantial increase in the amount of [cjompensation paid by [Fidelity] due to the pre-existing condition.” The decision of the Board was appealed to district court, and after trial, judgment was rendered in favor of Fidelity, awarding reimbursement from the Board. The RBoard appealed, assigning as error the finding by the court that there was “merger”.
LAW AND DISCUSSION
La.R.S. 23:1371 et seq. provides for the creation and establishment of the Second Injury Fund. Its purpose is to encourage the employment of physically handicapped individuals by protecting employers from excess liability for worker’s compensation when a subsequent injury merges with a preexisting permanent disability to cause a greater disability than would have resulted from the subsequent injury alone. La.R.S. 23:1371 C provides:
As used in this part, the merger of an injury with a preexisting permanent partial disability is limited to the following:
(1) The subsequent injury would not have occurred but for the preexisting permanent partial disability; or
(2) The disability resulting from the subsequent injury in conjunction with the preexisting permanent partial disability is materially and substantially greater than that which would have resulted had the preexisting permanent partial disability not been present, and the employer has been required to pay and has paid compensation for that greater disability. (Emphasis added.)
When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9. A law must be construed as a whole. Every part of a statute must be given effect where such a result can be reasonably achieved. It cannot be presumed that the legislature enacted meaningless clauses and phrases. Groves v. Board of Trustees of Teach. Retire. Sys., 324 So.2d 587, 594 (La.App. 1st Cir.1975), writs denied, 326 So.2d 378, 380 (1976).
The first statutory definition contained in La.R.S. 23:1371 C, commonly known as “but for” merger, is not at issue in the instant case. The second definition requires a two-prong test: (1) Rthat the disability resulting from the conjunction of the prior and subsequent injuries be materially and substantially greater than would have resulted if there had been no prior injury; and (2) that the employer has been required and, in fact, has paid compensation for that greater disability. The statutory provision requires a showing by the party seeking reimbursement that the benefits paid are greater in amount because of the preexisting disability.
The second prong of this test has not been met in the instant ease. At trial the deposition of Dr. Christopher E. Cenac, Mr. Legnon’s orthopedic surgeon, was introduced into evidence. Dr. Cenac treated Mr. Leg-non and performed cervical surgery. Dr. Cenac testified he did not know of Mr. Leg-non’s foot disability at the time he treated Mr. Legnon but that the prior foot injury would equal a 10 percent whole body impairment. Dr. Cenac also stated that the foot disability did not affect his medical treatment . of Mr. Legnon and that his treatment would have been the same even if there had been no foot impairment.
In addition, in response to questioning by defendant’s counsel Dr. Cenac testified:
Q. Whoever was paying the bills on this patient, did they pay or have you charged — or is there any medical expense that is identifiable as something that would *1056 not have been there had the previous disability not been there?
A. No.
Q. * * * [MJedically speaking [the current disability] didn’t cost more, his treatment didn’t cost more because he had the [prior] disability?
A. That’s correct.
The statutory definition of merger requires a showing that the employer has been required to pay, and has paid, for a greater disability. This means that the benefits paid must be greater in amount because of the preexisting disability than they would have been without it. Without the employer being required to pay and actually paying compensation for the combined, greater disability, |5merger is not recognized. Accord, Armellini Exp. Lines v. Sp. Disability Tr., 512 So.2d 253, 255 (Fla. 1st Dist.Ct.App.1987), review denied, 523 So.2d 576 (1988) (interpreting statutory language substantially similar to that of La.R.S. 23:1371).
It was error for the trial court to find a merger when the employer had not been required to pay, and had not paid, compensation for a greater disability. The judgment of the trial court is reversed. All costs of this appeal to be paid by plaintiff/appellee.
REVERSED.'