PER CURIAM.
The employer D.A. Netzel, Inc., and its insurance carrier Claims Capabilities, Inc. (collectively the E/C), appeal from a final workers’ compensation order denying their claim for reimbursement from appellee, the Special Disability Trust Fund, for compensation benefits paid to claimant Mark Kirkpatrick. We affirm the order, because the E/C failed to establish that claimant’s obesity was a permanent physical impairment within the meaning of section 440.49, Florida Statutes (Supp.1990).
Section 440.49(2) clearly requires the employer to prove the following elements before reimbursement from the Fund may be obtained: (1) a preexisting permanent impairment, (2) knowledge by the employer of the preexisting permanent condition, (3) a subsequent compensable permanent impairment, (4) merger of the two permanent impairments, and (5) payment of compensation. Here, the judge of compensation claims (JCC) found that the E/C failed to satisfy the first element, that is, a preexisting permanent impairment, which is defined in section 440.49(2)(b)(l) as “any permanent condition due to previous accident or disease or any congenital condition which is, or is likely to be, a hindrance or obstacle to employment, but not due to the natural aging process.”
The JCC’s determination is supported by competent, substantial evidence (CSE) in that no proof was presented that claimant’s obesity was caused by accident, disease or congenital condition. In fact, both claimant’s treating physicians testified that they knew of no medical reason for claimant’s obesity, and one doctor stated there was no reason why claimant could not lose weight. Thus, the evidence failed to establish a preexisting permanent impairment, as defined in section 440.49(2)(b).
Prior to the enactment of the 1990 amendment to section 440.49(2)(f), there was no question that a claimant’s obesity, unrelated to any medical condition, was not considered a preexisting permanent impairment. See Special Disability Trust Fund v. Citrus World, Inc., I.R.C. Order 2-3637 (Dec. 21, 1978) (rejecting argument that claimant’s obesity, which was caused by excessive caloric intake, was a permanent physical impairment for reimbursement purposes); Curtis v. Wick Roofing Co., 3 F.C.R. 92 (I.R.C. Jan. 21, 1958) (denying reimbursement claim based on obesity being a preexisting permanent condition), cert. denied, 106 So.2d 641 (Fla.1958). Cf. Special Disability Trust Fund v. Stone & Webster Eng’g Corp., I.R.C. Order 2-3778 (Apr. 24, 1979) (allowing reimbursement where preexisting condition was obesity, because evidence established medical cause, i.e., a psychoneurotic condition bringing on compulsive overeating), approved in part, quashed in part, 391 So.2d 212 (Fla.1980) (approving reimbursement portion of decision).
In 1990, however, section 440.49(2)(f) was amended to add obesity to the list of medical conditions an employer is conclusively presumed to have considered a permanent impairment, under certain circumstances. The E/C argues that the amendment established obesity as a permanent physical impairment, thereby entitling employers to reimbursement under the statute. We cannot agree. In our judgment, this provision addresses only the element of employer knowledge. As we stated in Special Disability Trust Fund v. Siesta Lago Mobile Homes, 473 So.2d 8 (Fla. 1st DCA 1985), it is the employer’s burden to establish entitlement to reimbursement under section 440.49, and, pursuant to section 440.49(2)(f)(1), the employer is required to prove that it knew of the preexisting permanent physical impairment before the occurrence of the subsequent compensable injury. *876 Thus, if an employer fails to substantiate its prior knowledge of a worker’s preexisting condition, its claim for reimbursement must be denied. As a result, the only change effected by the 1990 amendment is to allow the E/C to satisfy its burden of proving the knowledge element by using the statutory presumption, but it had no effect whatsoever on the employer’s burden to show that the employee suffered from a preexisting permanent impairment.
In reaching our conclusion, we acknowledge that the 1994 amended statute appears to have achieved the goal the E/C urges that the 1990 amendment accomplished. Although obesity continues to be a condition for which a presumption of knowledge by the employer arises under section 440.49(6)(a)(25), Florida Statutes (Supp.1994), the statute now defines “permanent physical impairment” as any of the conditions listed in section 440.49(6)(a). § 440.49(2)(a), Fla.Stat. (Supp.1994). Consequently, the language of the 1994 statute strongly implies that obesity, regardless of cause, is a permanent physical impairment for reimbursement purposes. The 1994 amendments, however, were enacted long after the occurrence of the employee’s industrial injury, and the E/C has made no contention that the 1994 statute should be applied retroactively. Under the circumstances, we see no error in the JCC’s refusal to apply the 1994 statute to the case at bar.
Because the E/C failed to prove that claimant’s obesity was a permanent physical impairment, as required by section 440.49, Florida Statues (Supp.1990), we affirm the JCC’s order denying the E/C’s claim for reimburse-mént from the Special Disability Trust Fund.
AFFIRMED.
ERVIN, KAHN and BENTON, JJ., concur.