WEBSTER, J.
In this workers’ compensation case, the Special Disability Trust Fund seeks review of an order directing it to reimburse the employer and carrier for compensation paid. Because we can find in the record no competent, substantial evidence to support a finding “that the employer reached *480 an informed conclusion prior to” the employee’s second injury that his “preexisting physical condition [wa]s permanent and [wa]s, or [wa]s likely to be, a hindrance or obstacle to [his] employment,” we reverse.
The Special Disability Trust Fund was established by the legislature with the intent “to encourage the employment of the physically handicapped.” § 440.49(2)(a), Fla. Stat. (Supp.1990). The means by which the legislature hoped to achieve that goal was a program by which, if certain specified conditions were met, employers would be reimbursed for compensation benefits paid “when an injury to a handicapped worker merges with his preexisting permanent physical impairment to cause a greater disability, permanent impairment, or wage loss than would have resulted from the injury alone.” Id. For purposes of this appeal, the pertinent provision is section 440.49(2)(f)1, Florida Statutes (Supp.1990). That subparagraph provides that, in general,
[n]o reimbursement shall be allowed ... unless it is established that the employer reached an informed conclusion prior to the occurrence of the subsequent injury or occupational disease that the preexisting physical condition is permanent and is, or is likely to be, a hindrance or obstacle to employment.
It provides, further, that, for specified preexisting injuries or diseases, “a conclusive presumption that the employer considered the condition to be permanent and to be, or likely to be, a hindrance or obstacle to employment” arises upon proof of certain facts.
In this case, it is undisputed that the employee had sustained a compensable injury in 1983, while employed by a company which was acquired in 1986 by the present employer, as a result of which he underwent a decompressive laminectomy in 1984. It is, further, undisputed that the employee sustained a second compensable injury in 1991, as a result of which he was eventually accepted as permanently and totally disabled. Prior to the hearing, the parties stipulated that the employee had sustained a permanent impairment as a result of the 1983 injury. The issue which remained in dispute was whether the employer had “reached an informed conclusion prior to the occurrence of the [1991] injury ... that the preexisting physical condition [resulting from the 1983 injury] [wa]s permanent and [wa]s, or [wa]s likely to be, a hindrance or obstacle to employment.” Following the presentation of evidence, the judge of compensation claims held that the employer and carrier had established their entitlement to reimbursement by the Fund. The Fund appeals, arguing that the record does not contain competent, substantial evidence to “establish!] that the employer reached an informed conclusion prior to the occurrence of the [1991] injury ... that the preexisting physical condition [resulting from the 1983 injury] [wa]s permanent and [wa]s, or [wa]s likely to be, a hindrance or obstacle to employment.”
The parties agree that the employee’s 1983 injury is not one of those which might entitle the employer to a conclusive presumption that it “considered the condition to be permanent and to be, or likely to be, a hindrance or obstacle to employment.” They agree, further, that, as a result, the employer and carrier are entitled to reimbursement only if they established by competent, substantial evidence “that the employer reached an informed conclusion prior to the occurrence of the [1991] injury ... that the preexisting physical condition [resulting from the 1983 injury] [wa]s permanent and [wa]s, or [wa]s likely to be, a hindrance or obstacle to employment.” See Special Disability Trust Fund v. Siesta Lago Mobile Homes, 473 So.2d 8 (Fla. 1st DCA 1985) (it is the employer’s burden to prove entitlement to reimbursement, including that it knew of the preexisting condition before the subsequent accident).
We have carefully reviewed the evidence in a light most favorable to the employer and carrier. Viewed in such a light, the *481 evidence establishes that the employer was aware of the employee’s 1983 injury prior to the 1991 injury; and that it had in its files a copy of the operative report relative to the employee’s 1984 surgery. The operative report reflects that a decompressive laminectomy was performed, and that the surgery was uneventful. It reflects, further, that “[n]o major extradural defect related with disc herniation or protrusion was found[,]” and that “[t]he disc spaces were flat and there was no evidence of free fragments of disc.” There is nothing in the report which would put a reader on notice that the employee was likely to suffer from any permanent physical impairment as a result of his injury; nor does any other evidence offered by the employer suggest that either it or the previous employer (which it acquired in 1986) knew before the 1991 injury that the 1983 injury had resulted, or had been likely to result, in a permanent physical impairment. Similarly, there is no evidence from which one might reasonably conclude that any such impairment was likely to have any adverse effect on the employee’s ability to perform his job as a baggage handler. Rather, the only evidence on this point was that “a back injury could possibly hinder” a baggage handler in the performance of his or her duties.
The parties’ stipulation that the employee had sustained a permanent impairment as a result of the 1983 injury was not entered into until after the second (the 1991) injury had occurred. It was intended merely to limit the issues for purposes of the employer’s claim against the Fund, and contains nothing to suggest a concession on the part of the Fund that the employer was aware before the 1991 injury that the employee’s 1983 injury had caused any permanent impairment. As such, that stipulation offers nothing of evidentiary value for purposes of the relevant issue.
The employer and carrier point out, correctly, that the Division of Workers’ Compensation is obliged to interpret eligibility for reimbursement liberally. § 440.49(2)(a), Fla. Stat. (Supp.1990). See also Special Disability Trust Fund v. Lakeland Constr. Co., 478 So.2d 391, 394 (Fla. 1st DCA 1985). However, a liberal construction of eligibility requirements cannot substitute for a failure of proof.
Because the record contains no competent, substantial evidence “that the employer reached an informed conclusion pri- or to the occurrence of the [1991] injury ... that the preexisting physical condition [resulting from the 1983 injury] [wa]s permanent and [wa]s, or [wa]s likely to be, a hindrance or obstacle to employment,” we reverse the order directing the Fund to reimburse the employer and carrier.
REVERSED.
BENTON, J., CONCURS.
ERVIN, J., DISSENTS WITH WRITTEN OPINION.